STANLEY v CITY OF FERNDALE

Docket No. 54990. Submitted November 9, 1981, at Detroit.—Decided January 20, 1982.

The employees of the 43rd Judicial District Court, Ferndale Division, entered into a collective-bargaining agreement with the court. After the required approval of the State Court Administrator was obtained, the agreement was submitted to the City of Ferndale, the district control unit of the court. The city refused to comply with the agreement. The employees brought an action in the Oakland Circuit Court to compel the city to fulfill the terms of the agreement. The circuit court, William J. Beer, J., granted the plaintiffs' motion for summary judgment. The city appeals, alleging that the collective-bargaining agreement was void because it provided for employee compensation in excess of that appropriated by the city for operation of the district court and that, therefore, the city was not required to abide by the agreement. The city also alleges that it need not follow the agreement because the city was not made a party to it, and that the circuit court erroneously entered summary judgment because there were genuine issues of fact raised in the pleadings. *Held:*

1. The agreement was valid. The presiding judge of each district court appoints the court employees and fixes their compensation. The district control unit is obligated to appropriate the funds necessary for the operation of the district court. The proper recourse for the city would have been to bring a suit in circuit court to test the reasonableness and necessity of the provisions of the agreement. Its refusal to comply on the basis that it had not appropriated the necessary funds was not a sufficient defense to the motion for summary judgment.

2. The city was not a necessary party to the contract negotiations, because the district court employees are employees of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading §§ 71 *et seq.,* 230 *et seq.*
    73 Am Jur 2d, Summary Judgment § 29.
[2] 46 Am Jur 2d, Judges § 27.
[3] 63 Am Jur 2d, Public Officers and Employees §§ 368 *et seq.,* 381.
[4] 63 Am Jur 2d, Public Officers and Employees § 364 *et seq.*

court, not of the city, even though the city is required to pay their compensation. Therefore, the alleged failure to include the city in the negotiations is not a valid defense to the action brought by the employees.

3. The alleged issues of fact noted by the city are, in effect, legal matters and cannot serve as the basis of a denial of the summary judgment motion.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENTS — FAILURE TO STATE VALID DEFENSE.

A motion for summary judgment based on the failure to state a valid defense tests the legal sufficiency of the pleaded defense and is reviewed by referring to the pleadings, with all well-pled allegations accepted as true; the test for such a motion is whether the defenses are so clearly untenable as a matter of law that no factual development could possibly deny the plaintiff's right to recover.

2. COURTS — DISTRICT COURTS — ADMINISTRATION OF DISTRICT COURTS.

The presiding judge of each judicial district exercises full authority and control over all matters of administration, including the appointment of court employees and the fixing of their compensation within appropriations provided by the governing body of each judicial district control unit (MCL 600.8221, 600.8271[1]; MSA 27A.8221, 27A.8271[1]).

3. COURTS — DISTRICT COURTS — LABOR RELATIONS.

The proper recourse for a district court control unit which considers a bargaining agreement between the district court and its employees to be excessive is to file a suit in circuit court to test the reasonableness and necessity of the provisions contained in the agreement; the governmental unit's own failure to appropriate funds to cover wages set in the agreement is not a sufficient defense to a motion for summary judgment by the plaintiffs in an action brought by the employees of a district court to compel the governmental unit to fulfill the terms of a bargaining agreement.

4. COURTS — DISTRICT COURTS — LABOR RELATIONS.

Employees of a district court are the employees of the judicial district, not of the governmental control unit served by the court, even though the governmental unit is required to pay the employees' compensation; therefore, the alleged failure of the court employees and the district court to include the

governmental unit in wage negotiations is not a valid defense to a suit brought by the employees to enforce compliance with a collective-bargaining agreement between the court and its employees.

*Ramsdell, Oade & Feldman,* for plaintiffs.

*John C. Eidt,* for defendant.

Before: R. M. MAHER, P.J., and D. F. WALSH and D. C. RILEY, JJ.

D. F. WALSH, J. Defendant appeals from the summary judgment entered in favor of plaintiffs.

In April of 1979 plaintiffs, employees of the 43rd Judicial District Court,[1] Ferndale Division, formed a collective-bargaining association. They were recognized voluntarily by the presiding judge, Montague R. Hunt, and entered into negotiations with him concerning wages, hours, and other terms and conditions of employment. The parties arrived at an agreement that was effective July 1, 1979. Pursuant to Supreme Court Administrative Order 1971-6, 386 Mich xxix, the agreement was submitted to and approved by the State Court Administrator's Office. The collective-bargaining agreement was forwarded to defendant City of Ferndale which refused to comply with the terms of the contract.

On July 30, 1980, plaintiffs filed a complaint requesting that defendant be compelled to fulfill all of the terms of the agreement. Defendant filed an answer on August 14, 1980, and denied any liability under the collective-bargaining agreement. Defendant asserted as an affirmative defense that the labor agreement was "null and void in

---

[1] The 43rd District Court services the three Oakland County communities of Madison Heights, Ferndale and Hazel Park. MCL 600.8123(1); MSA 27A.8123(1).

that the compensation requirements as fixed in the agreement exceed the district court appropriations * * *".

On October 1, 1980, plaintiffs filed a motion for summary judgment. Plaintiffs alleged that the district court had the exclusive authority to fix the terms and conditions of employment, which could not be overruled by a legislative body. Defendant opposed the motion on the grounds that the collective-bargaining agreement was invalid and that, since defendant was not a party to the contract, it was not bound by it.

In an opinion filed on November 5, 1980, the circuit court rejected defendant's argument and granted the summary judgment. The court ruled that under the separation of powers doctrine, the judiciary has the inherent authority to compel payment of monies from the city for the operation and maintenance of the district court.

On appeal, defendant raises several arguments, all of which are related to the propriety of the circuit court's ruling in the context of subrule 3 of GCR 1963, 117.2. We reject all of defendant's contentions and affirm the entry of summary judgment.

Neither plaintiffs in their summary judgment motion nor the court in its opinion indicated which subrule of GCR 1963, 117.2 was being utilized. However, the opinion of the trial court appears to treat the motion on the basis of subsection 2, the failure to plead a valid defense. On appeal plaintiffs concur in this evaluation of the lower court's ruling. Therefore, we shall first discuss the circuit court's determination as if it were grounded on subrule 2. Defendant's arguments with regard to subsection 3 will be addressed subsequently.

A motion for summary judgment based on the failure to state a valid defense tests the legal sufficiency of the pleaded defense and is reviewed by referring to the pleadings, with all well-pled allegations accepted as true. The proper test for this motion is whether the defenses are so clearly untenable as a matter of law that no factual development could possibly deny the plaintiffs' right to recovery. *Hanon v Barber,* 99 Mich App 851, 854-855; 298 NW2d 866 (1980).

In *Judges of the 74th Judicial Dist v Bay County,* 385 Mich 710, 723; 190 NW2d 219 (1971), the Court stated:

"Employees of the district court are employees of the judicial district, an administration unit of the state's one district court, which in turn is a subdivision of Michigan's one court of justice. They are not employees of the county, city of other district control unit, even though they are paid by the district control unit. MCL 600.8271(2) (Stat Ann 1971 Cum Supp § 27A.8271[2])."

In each judicial district, the presiding judge exercises full authority and control over all matters of administration. MCL 600.8221; MSA 27A.8221. Under 1968 PA 154, § 8271, the district court judges appoint court employees and fix their compensation within appropriations provided by the governing body of each district control unit. MCL 600.8271(1); MSA 27A.8271(1). With regard to appropriations, the Supreme Court has said:

"1968 PA 154, the district court act, defines 'district control unit' as that unit of government responsible for maintaining, financing, and operating the district court. Appropriations by the district control unit must be made for this statutory purpose * * *." *Judges of the 74th Judicial Dist v Bay County, supra,* 726.

The constitutionally prescribed function of the courts under their own inherent powers was discussed in *Wayne Circuit Judges v Wayne County,* 386 Mich 1, 9; 190 NW2d 228 (1978), quoting *Commonwealth ex rel Carroll v Tate,* 442 Pa 45, 52; 274 A2d 193 (1971), as follows:

"Expressed in other words, the Judiciary *must possess* the inherent power to determine and compel payment of those sums of money which are reasonable and necessary to carry out its mandated responsibilities, and its powers and duties to administer Justice, if it is to be in reality a co-equal, independent Branch of our Government. This principle has long been recognized, not only in this Commonwealth but also throughout our Nation." (Emphasis in original.)

To safeguard against potential abuse, the Supreme Court provided for an administrative check through Administrative Order 1971-6. Pursuant to this order, no judge may order the expenditure of public funds for any judicially required purpose until that judge obtains approval from the office of the Court Administrator.

A supplemental method of challenging a judge's decision concerning the administration of a court was outlined by the Court in *Livingston County v Livingston Circuit Judge,* 393 Mich 265, 274; 225 NW2d 352 (1975):

"In addition, once the Court Administrator has approved a contract the Board of Commissioners may institute adversary court proceedings to test the reasonableness and necessity of the contract if it appears that the budget reflecting the contract will exceed the total appropriation. The commissioners may file suit promptly for injunctive relief in circuit court in their own county. * * *

"By such holding, this Court's intent is to afford the legislative body a neutral forum in which reasonableness and necessity may be determined after adversary hearings."

In the instant case, the city's main defense was that it was not required to abide by the "void" collective-bargaining agreement because it provided for employee compensation in excess of that appropriated for the operation of the district court. Under *Wayne Circuit Judges v Wayne County, supra,* this is not a valid defense. The judiciary possesses the inherent authority to determine the reasonable and necessary expenditures for the administration of the courts. This result is mandated by the separation of powers doctrine. The district control unit is obligated to appropriate the funds necessary for the operation and maintenance of the district courts.

After the agreement was negotiated, it was submitted to the Court Administrator's Office and it was approved. If the city still considered the contract to be excessive, after this approval was obtained, the proper recourse would have been a suit filed in circuit court to test the reasonableness and necessity of the provisions contained in the agreement. Rather than pursuing this procedure, the city merely refused to comply with the contract and asserted its own failure to appropriate funds as a defense. This defense was not legally sufficient to withstand the motion for summary judgment. *Wayne Circuit Judges v Wayne County, supra.*

In its answer, defendant also maintained that the collective-bargaining agreement need not be followed since the city was not made a party to the contract. However, defendant's claimed absence

from the negotiations[2] did not render the agreement unenforceable. See *Livingston County v Livingston Circuit Judge, supra,* 272. Plaintiffs are employees of the district court, not defendant, even though defendant is required to pay their compensation under MCL 600.8271(2); MSA 27A.8271(2). The employees negotiated with their own employer, the district court, represented by the district court judge who was statutorily authorized to fix their compensation. The claimed failure of the parties to include defendant in the negotiations is not a valid defense to a suit demanding compliance with the collective-bargaining agreement.

Finally, we reject defendant's arguments that the circuit court erroneously entered the summary judgment on the ground that the pleadings raised genuine issues of material fact. GCR 1963, 117.2(3). The disputed issues of "fact" noted by defendant are, in effect, disputed issues of law. The disputes involve, in part, the validity of the "void" contract, defendant's liability for costs in excess of appropriations, and the reviewability of the terms of the contract by defendant. These issues comprise legal, not factual, matters and cannot serve as a basis for the circuit court's denial of the summary judgment under subsection 3 of the court rule.

We conclude that the circuit court did not err in granting the summary judgment in favor of plaintiffs.

Affirmed.

---

[2] In the motion for summary judgment, plaintiffs alleged that defendant was notified of the contract negotiations and the possibility of defendant's participation. Plaintiffs also alleged that two representatives of the city did take part in the bargaining process.

In response, defendant denied that any of its representatives received any notification. Defendant also submitted an affidavit of one of its employees in support of its claim that the city was not involved in any of the negotiations.