KARASKIEWICZ v BLUE CROSS & BLUE SHIELD
OF MICHIGAN

Docket No. 60037. Submitted November 16, 1982, at Detroit.—Decided
March 15, 1983. Leave to appeal denied, 418 Mich 882.

Defendant, Blue Cross & Blue Shield of Michigan (BCBSM)
refused to pay for certain diagnostic procedures performed by
plaintiffs, Thomas Karaskiewicz, Karas Clinic, P.C., George
Dey, Jr., and George Dey, Jr., D.C.P.C., chiropractors and their
chiropractic professional corporations, on subscribers to
BCBSM's health care benefits. Plaintiffs, thereafter, brought
this action in the Oakland Circuit Court seeking a determina-
tion that they are entitled to payment for the services ren-
dered. The trial court, Frederick C. Ziem, J., found in favor of
the defendant with respect to each procedure and issued a
judgment and order of no cause of action in favor of the
defendant. Plaintiffs appeal. *Held:*

1. The trial court did not clearly err in finding that the
defendant was not obligated to pay the plaintiffs for the five
diagnostic procedures in question. There was conflicting evi-
dence concerning whether three of the tests were considered
experimental and whether the two other procedures are medi-
cally necessary when administered by chiropractors.

2. The trial court's construction of the insurance contract
imposed no restrictions on the health care provider's judgment
as to what should be done medically.

3. The trial court's findings of fact were adequate to comply
with the court rule regarding findings by a court.

4. The trial court properly denied plaintiffs' motion for

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 839.
[2, 3] 44 Am Jur 2d, Insurance § 1493.
  61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 5.
  Scope of practice of chiropractic. 16 ALR4th 58.
  Provision of accident or health insurance policy that insured shall
    be under care of physician or surgeon. 84 ALR2d 375.
[4] 76 Am Jur 2d, Trial § 1250 *et seq.*
[5] 61A Am Jur 2d, Pleading § 230 *et seq.*
[6] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

summary judgment based on the defendant's failure to state a valid defense since the defendant's pleadings contained a tenable affirmative defense.

5. The trial court properly denied plaintiffs' motion for summary judgment which was based on the ground that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law as a result of defendant's failure to submit opposing affidavits. The court rule regarding summary judgments requires only that the moving party submit affidavits. Here, the contract in question, attached to defendant's answer, raised sufficient questions of fact to justify denial of plaintiffs' motion.

Affirmed.

1. APPEAL — FINDINGS OF FACT — CLEAR ERROR.

The Court of Appeals reviews findings by a trial court in order to determine if such findings are clearly erroneous.

2. PHYSICIANS AND SURGEONS — CHIROPRACTIC — INSURANCE CONTRACTS — SURGERY — APPEAL.

Surgery is excluded from the definition of the practice of chiropractic, therefore, a trial court did not clearly err, in an action to determine the contractual liability of a nonprofit medical care corporation to pay chiropractic providers for certain diagnostic procedures, in finding that certain diagnostic tests were not medically necessary when administered by chiropractors where evidence was introduced showing that the tests were only useful in preparing for surgery (MCL 333.16401[1][b][iii]; MSA 14.15[16401][1][b][iii]).

3. PHYSICIANS AND SURGEONS — CHIROPRACTIC — NONPROFIT MEDICAL CARE CORPORATIONS — CONTRACTS.

A trial court's determination that a nonprofit medical care corporation was not contractually liable to pay chiropractic providers for certain diagnostic procedures rendered to the corporation's subscribers did not unfairly discriminate against chiropractors in violation of the statute which provided that a nonprofit medical care corporation could not impose restrictions on providers with regard to diagnosis and treatment where the court's construction of the contract at issue imposed no restriction on the providers' judgment as to what should be done medically but simply provided that with regard to certain treatments the providers will have to look elsewhere for payment (MCL 550.310; MSA 24.600, now repealed and replaced by 1980 PA 350).

4. TRIAL — FINDINGS OF FACT — COURT RULES.

    A trial court must make brief, definite and pertinent findings and conclusions upon the contested matters in an action; a trial court's findings of fact are adequate to comply with the court rule regarding findings by a court where the trial court's bench opinion discloses definite and pertinent findings of fact sufficiently specific to allow appellate review (GCR 1963, 517.1).

5. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE DEFENSE — COURT RULES.

    A motion for summary judgment based on the ground that the opposing party has failed to state a valid defense to the claim tests the legal sufficiency of a defense; the motion should be granted when the defense is so untenable that no factual development could deny the plaintiff's right to recovery (GCR 1963, 117.2[2]).

6. MOTIONS — JUDGMENTS — SUMMARY JUDGMENT — GENUINE ISSUES OF MATERIAL FACT — AFFIDAVITS — COURT RULES.

    A motion for summary judgment based on the ground that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law tests whether there is factual support for a claim; the court, when passing upon such motion, must consider the pleadings, affidavits, depositions, admissions and other documentary evidence available to it, however, the court rule regarding such motions requires only that the moving party submit affidavits supporting the motion (GCR 1963, 117.2[3]).

*Robert Dean,* for plaintiffs.

*Ralph D. Gilpin,* for defendant.

Before: WAHLS, P.J., and M. J. KELLY and N. J. LAMBROS,* JJ.

PER CURIAM. Plaintiffs Thomas Karaskiewicz and Karas Clinic, P.C., and George Dey, Jr., and George Dey, Jr., D.C.P.C., appeal as of right from a judgment of no cause of action in favor of defendant, Blue Cross & Blue Shield of Michigan (BCBSM). The present action arises out of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

BCBSM's refusal to pay for certain services performed by plaintiffs, chiropractors and their chiropractic professional corporations, pursuant to Blue Cross & Blue Shield of Michigan's Series A77 Group Health Care Benefit Certificate (A77).

BCBSM maintains a unique relationship with persons seeking contractual health care benefits (subscribers) and with the various health care professionals (providers). Usually, as is the circumstance in the present case, BCBSM, after devising a plan in accordance with a collective-bargaining agreement, will contract individually with the individual subscriber. In turn, the provider individually contracts with BCBSM to first seek payment for services rendered to subscribers from BCBSM. The provider is bound to bill BCBSM only for services covered by the contract between BCBSM and the subscriber. Conversely, BCBSM is bound to pay the provider only for those services between BCBSM and the subscriber. See, generally, *Blue Cross & Blue Shield of Michigan v Ins Comm'r,* 403 Mich 399; 270 NW2d 845 (1978). The present action concerns only BCBSM's contractual liability to pay chiropractic providers for certain diagnostic procedures.[1]

The trial court found in favor of BCBSM with respect to each procedure. We review to determine if the trial court's findings were clearly erroneous. *Jensen v Pontiac,* 113 Mich App 341; 317 NW2d 619 (1982).

Section I-28 of A77 provides:

" 'PHYSICIAN' is a doctor of medicine (M.D.) or

---

[1] No subscribers are involved in the present action. While a resolution of this action necessarily involves an interpretation of the contract between BCBSM and the subscribers to A77, the subscribers are not bound by our decision.

osteopathy (D.O.) legally qualified and licensed to practice medicine and perform surgery at the time and place services are performed. For the purposes of this contract, a dentist, a podiatrist, or a doctor of chiropractic who is legally qualified and licensed to practice dentistry, podiatry, or chiropractic at the time and place services are performed is deemed to be a physician to the extent that the doctor renders services which the doctor is legally qualified to perform."

Section VIII-B-14 provides:

"DIAGNOSTIC LABORATORY AND PATHOLOGY SERVICES:
"a. Benefits are provided for laboratory and pathological examination for the diagnosis of any condition, disease, or injury. In addition to examinations of blood, tissue, and urine, diagnostic laboratory and pathology include laboratory procedures such as electrocardiograms, electroencephalograms, electromyograms, and basal metabolism tests. Routine laboratory services in connection with normal maternity care are provided according to the provisions of Section VIII B-4."

Plaintiffs argue that under the above quoted provisions and this Court's decision in *Cotter v Blue Cross & Blue Shield of Michigan,* 94 Mich App 129; 288 NW2d 594 (1979), *lv den* 408 Mich 947 (1980), defendant was obligated to pay them for the five tests in question. We disagree.

In *Cotter,* a contractual definition of "physician", substantially similar to the provision involved in the present case, was construed. The issue before the Court was whether the plaintiffs were legally authorized by MCL 338.156; MSA 14.596 to perform the services for which payment was sought. In the present case, however, we need not decide whether plaintiffs were legally authorized to perform the five procedures for which

payment is now sought. Included in section X of A77 are the following provisions:

"K. MEDICAL NECESSITY: Benefits are not provided for services, care, treatment, or supplies which are not medically necessary according to accepted standards of medical practice for the treatment of any condition, injury, disease, or pregnancy, except as specifically provided for in this certificate.
"L. RESEARCH OR EXPERIMENTAL SERVICES: Benefits are not provided for care, services, supplies, or devices which are experimental or research in nature."

Thus, the question here is whether the trial court clearly erred in finding that the five treatments were excluded under the contract.

The diagnostic tests in question are: (1) thermogram studies of the spine; (2) thermovision studies and analysis; (3) moire contour analysis studies; (4) plythesmagraphic studies of the extremities; and (5) doppler blood velocity studies of the extremities. With regard to the first three tests, plaintiffs' evidence showed that the tests were useful to chiropractors in diagnosing nerve impingements due to spinal subluxations, nerve interference within the spine, and nerve aggravation. However, defendant presented evidence which showed that these three tests were considered experimental. In light of the conflicting evidence, we cannot say that the trial judge clearly erred in finding that these three tests were not payable under the contract.

We also cannot find clear error in the trial court's conclusion that the remaining two tests were not medically necessary when administered by a chiropractor. The evidence at trial showed the plythesmagraphic study to be a pulse volume recording. By means of a light sensor attached to a

patient's fingers or toes, the instrument recorded the volume of the patient's pulse. Plaintiffs justified the use of the test by chiropractors on the ground that irregular pulse patterns could indicate constricted blood vessels due to spinal nerve impingement. Similarly, plaintiffs justified the use of the doppler blood velocity test, an ultrasonic probe placed over the patient's artery, on the ground that it could show aggravation of spinal nerves that controlled the circulatory system. On the other hand, defendant introduced evidence that showed that these two tests were only useful to detect blood vessel obstructions in preparing for surgery. AS MCL 333.16401(1)(b)(iii); MSA 14.15(16401)(1)(b)(iii) excludes surgery from the definition of chiropractic, we cannot say the trial court clearly erred in finding these two procedures not medically necessary when administered by chiropractors.

We do not find that the result reached by the trial court unfairly discriminates against chiropractors in violation of MCL 550.310; MSA 24.600, since repealed and replaced by 1980 PA 350, which provided that a nonprofit medical care corporation could not impose restrictions on providers with regard to diagnosis and treatment. The trial court's construction of the contract imposes no restrictions on the provider's judgment as to what should be done medically. The contract simply provides that with regard to certain treatments the provider will have to look elsewhere for payment.

We find no merit to plaintiffs' claim that the trial court's findings of fact were inadequate to comply with GCR 1963, 517.1. The trial court must make brief, definite and pertinent findings and conclusions upon the contested matters. *Ripley v*

*Ripley,* 112 Mich App 219; 315 NW2d 576 (1982). Our review of the trial judge's bench opinion discloses definite and pertinent findings of fact, findings sufficiently specific to allow appellate review. Accordingly, the opinion satisfied GCR 1963, 517.1.

We also reject plaintiffs' assertion that the trial court erred in denying their motion for summary judgment under GCR 1963, 117.2(2) and (3). A motion under GCR 1963, 117.2(2) tests the legal sufficiency of a defense. The motion should be granted when the defense is so untenable that no factual development could deny the plaintiff's right to recovery. *Stanley v Ferndale,* 115 Mich App 703; 321 NW2d 681 (1982). In the case at bar, defendant's pleadings contained the affirmative defense that the contract limited reimbursement to chiropractors for diagnostic procedures to radiology services. As this defense was tenable, the denial of plaintiffs' motion for summary judgment based on GCR 1963, 117.2(2) was proper.

GCR 1963, 117.2(3) allows a trial court to grant summary judgment where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A motion based on this subrule is designed to test whether there is factual support for a claim. When passing upon a motion under the subrule, the court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence available to it. *Belmont v Forest Hills Public Schools,* 114 Mich App 692; 319 NW2d 386 (1982). Plaintiffs contend that summary judgment should have been granted because defendant failed to submit opposing affidavits. We disagree. GCR 1963, 117.3 requires only that the moving party submit

affidavits. The contract in question, attached to defendant's answer, raised sufficient questions of fact to justify the denial of plaintiffs' motion.

Affirmed.