EMPLOYERS MUTUAL INSURANCE COMPANIES v AMERICAN
COMMUNITY MUTUAL INSURANCE COMPANY

Docket No. 98077. Submitted November 8, 1988, at Detroit. Decided
January 11, 1989. Leave to appeal applied for.

James Ford incurred medical expenses as a result of injuries he
suffered in an automobile accident. Ford was insured under a
no-fault automobile insurance policy issued by Employers Mu-
tual Insurance Companies and was also covered by a Medicare
supplemental policy issued by American Community Mutual
Insurance Company. Employers brought an action in Wayne
Circuit Court against American, claiming that defendant was
responsible for all of Ford's medical expenses since Ford had
elected to coordinate no-fault insurance with health insurance.
The trial court, Patrick J. Duggan, J., granted summary dispo-
sition in favor of plaintiff, ruling that defendant had failed to
state a valid defense. Defendant appealed.

The Court of Appeals *held:*

Where an individual has elected to coordinate no-fault insur-
ance with other health insurance, the health insurer is primar-
ily liable for expenses incurred by the insured as a result of
injury suffered in an automobile accident. In this case, the
health insurance coverage which Ford elected to coordinate
with no-fault insurance coverage included the Medicare supple-
mental policy.

Affirmed.

INSURANCE — NO-FAULT — COORDINATION OF BENEFITS — MEDICARE.

Where an individual is insured under a no-fault automobile
insurance policy and a Medicare supplemental policy and the
individual has elected to coordinate no-fault insurance benefits
with health insurance benefits, the Medicare supplemental
insurer is primarily liable for medical expenses incurred by the
insured as a result of injury sustained in an automobile acci-
dent (42 USC 1395y[b][1]; MCL 500.3109a; MSA 24.13109[1]).

REFERENCES

Am Jur 2d, Automobile Insurance § 368.
Apportionment of payments of no-fault (personal injury protection)
benefits between insurers providing coverage to same insured
under policies covering different vehicles. 34 ALR4th 374.

*Cottichio, Zotter, Sullivan, Molter, Skupin & Turner, P.C.* (by *Ronald A. Muresan* and *James Howard Turner*), for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *John D. Pirich* and *Kevin J. Moody*), for defendant.

Before: CYNAR, P.J., and HOOD and MURPHY, JJ.

PER CURIAM. Defendant appeals as of right from the lower court's order granting plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(9), failure to state a valid defense. We affirm.

On May 29, 1984, the insured, James Ford, was injured in an automobile accident and incurred hospital expenses of over $10,000. At the time of the accident, Ford was covered by a policy of no-fault insurance issued by plaintiff which contained a coordinated-benefits clause pursuant to MCL 500.3109a; MSA 24.13109(1). Ford was also covered by a Medicare supplemental policy issued by defendant in accordance with the Medicare supplemental provisions of the Insurance Code, MCL 500.2264a-500.2279; MSA 24.12264(1)-24.12279. In April, 1986, plaintiff filed suit contending that defendant was responsible for all of Ford's medical expenses under our Supreme Court's decision in *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537; 383 NW2d 590 (1986). Plaintiff then moved for summary disposition and the trial court granted plaintiff's motion. Defendant now appeals claiming that federal law requires that Medicare be secondary to no-fault insurance and that *Federal Kemper* is inapplicable to the instant case. Defendant argues that the trial court therefore erred in granting plaintiff's motion. We disagree.

A motion under GCR 1963, 117.2(2), now MCR 2.116(C)(9), tests the legal sufficiency of a defense. *Karaskiewicz v Blue Cross & Blue Shield of Michigan,* 126 Mich App 103, 110; 336 NW2d 757 (1983), lv den 418 Mich 882 (1983). The motion should be granted when the defense is so untenable that no factual development could deny the plaintiff's right to recovery. Id. This Court's review is limited to issues actually decided by the trial court. *Michigan Mutual Ins Co v American Community Mutual Ins Co,* 165 Mich App 269, 277; 418 NW2d 455 (1987), lv den 430 Mich 884 (1988).

This Court in *West Michigan Health Care Network v Transamerica Ins Corp of America,* 167 Mich App 218, 224; 421 NW2d 638 (1988), reiterated the Supreme Court's holding in *Federal Kemper* that, where the coordinated-benefits provisions of a health insurance policy and a no-fault automobile insurance policy conflict, the health coverage insurer must be primarily liable for the payment of medical expenses incurred by the insured. In *Federal Kemper,* the Court indicated that its decision would further the legislative intent of § 3109a by containing auto insurance and health costs, eliminating duplicate recovery and vesting in the insured the option of coordinating benefits. *Federal Kemper, supra,* pp 551-552. This Court has also stated that Medicare constitutes other health and accident coverage within the meaning of § 3109a. See *Lewis v Transamerica Ins Corp of America,* 160 Mich App 413, 419; 408 NW2d 458 (1987), lv den 429 Mich 855 (1987), citing *LeBlanc v State Farm Mutual Automobile Ins Co,* 410 Mich 173, 205; 301 NW2d 775 (1981).

We also note that defendant's analysis of the relevant portion of the Medicare statute, 42 USC 1395y(b)(1), is incorrect. That provision states that *if* no-fault can reasonably be expected to pay medi-

cal costs, then Medicare will not pay those costs. However, in Michigan, pursuant to the no-fault act and our Supreme Court's interpretation of that act in *Federal Kemper,* no-fault insurance is secondary to other health coverage. Therefore, payment by no-fault insurance cannot, in this case, reasonably be expected to be made promptly. The statute does not, as defendant argues, mandate that Medicare be secondary to no-fault benefits.

Based on the foregoing, we affirm the trial court's grant of summary disposition in plaintiff's favor. All of defendant's other arguments raised on appeal are without merit.

Affirmed.