BOSTEDOR *v.* CITY OF EATON RAPIDS.

1. OFFICERS — LIBRARIES — DIRECTORS — DESIGNATION OF STAGGERED TERMS.
   Designation of staggered terms of members of board of directors of city's public library *held*, sufficient where made day after appointment of entire new board pursuant to Act No. 248, Pub. Acts 1931, amending Act No. 164, Pub. Acts 1877 (2 Comp. Laws 1929, § 8059 *et seq.*).

2. MUNICIPAL CORPORATIONS—ADOPTION OF HOME RULE CHARTERS.
   Cities may adopt home rule charters subject to Constitution and general laws of the State (Const. 1908, art. 8, § 21; 1 Comp. Laws 1929, § 2228 *et seq.*).

3. STATUTES—LIBRARIES—MUNICIPAL CORPORATIONS.
   Statute authorizing cities and certain other municipal corporations to maintain public libraries *held*, a general law the purpose of which was to remove their regulation from politics and factional disturbances (Act No. 164, Pub. Acts 1877 [2 Comp. Laws 1929, § 8059 *et seq.*]).

4. MUNICIPAL CORPORATIONS—LIBRARIES—HOME RULE CHARTERS—STATUTES.
   Since provisions of general law relative to regulation of public libraries in cities could not be abrogated by home rule charter, action of city commission in disposing of old library building, ordering library moved to new quarters and otherwise interfering with management and property vested in board of directors of library *held*, without the authority of the commission (Comp. Laws 1929, § 2228 *et seq.*, § 8059 *et seq.*, as amended by Act No. 248, Pub. Acts 1931).

Appeal from Eaton; McPeek (Russell R.), J. Submitted October 9, 1935. (Docket No. 24, Calendar No. 38,525.) Decided November 12, 1935.

Bill by Bertha Bostedor and others, individually and as members of the board of directors of the Eaton Rapids Public Library, against the City of Eaton Rapids, a municipal corporation, John B. Davidson, mayor, and others to restrain the sale of property, the removal of a library and for other relief. Decree for plaintiffs. Defendants appeal. Affirmed.

*Kelley, Sessions, Warner & Eger,* for plaintiffs.

*G. E. McArthur (Emerson R. Boyles,* of counsel), for defendants.

WIEST, J. Act No. 164, Pub. Acts 1877 (2 Comp. Laws 1929, § 8059 *et seq.*), authorized cities to establish and maintain free public libraries, provided for a maintenance fund, appointment of a board of nine directors by the mayor, with approval of the city council, fixed their terms, to be apportioned, in the first instance, by lot, and defined their powers and duties, inclusive of purchase or erection of an appropriate building.

In 1882 the Eaton Rapids public library was established under the provisions of that statute and the board of directors, in 1899, as grantees, acquired a library building and housed the library therein.

In 1914, the city of Eaton Rapids adopted a home rule charter which provided:

"The public library now owned by the city of Eaton Rapids shall be and remain the property of the municipal corporation hereby formed, and shall continue to be managed * * * by a board of nine directors. * * *

"In all things not herein specified, said board shall be governed by Act No. 164, Pub. Acts 1877, and all amendments thereto, relating to free public library and reading room."

Act No. 248, Pub. Acts 1931, amended the act of 1877, by declaring vacant, as of July 1, 1932, the offices of directors of all library boards, and that thereafter all library boards should consist of five members, appointed by the mayor with approval of the city council, in the first instance, for terms of five, four, three, two and one years and, thereafter, an annual appointment of one director for a five-year term.

In conformity with such amendment the mayor of the city, with approval of the city commission, on June 13, 1932, appointed a new library board of directors of five members. In appointing the board of five members the mayor neglected to stagger the terms but, the next day, made such designation upon the official record. We think such designation sufficient.

August 20, 1934, the city commission removed the board of five directors, declared the offices vacant and the mayor, with the approval of the commission, appointed a new board of nine directors.

At a municipal election, held in November, 1933, the electors authorized the city commission to purchase a building for municipal purposes and the purchase was made. The commission made repairs thereon and intended to house the library therein, along with other municipal uses. In June, 1934, the city commission sold the old library building on land contract to defendants Lawhead and, the next month, by resolution, ordered the library moved to the new building. Thereupon plaintiffs, as directors, and three of them as taxpayers, filed the bill herein, alleging want of power in the city commission to sell the old library building, and asked that the attempted sale be held void and defendants be restrained from moving the library and from interfering with the management and control thereof. ...

The circuit judge held the sale of the old library building void, restrained removal of the library on the ground that title to the old premises was in the library board of directors, by statutory vestment, and the subject matter was governed by the statute and not by any provision of the home rule charter.

If the statute controls then the charter provisions to the contrary effect are void and the decree must be affirmed.

The Constitution of 1908, art. 8, § 21, permits adoption of home rule charters by cities subject, however, to the Constitution and general laws of the State. The act of 1877, as amended, is a general law of the State. The home rule act of 1909 (1 Comp. Laws 1929, § 2228 *et seq.*), requires permissible charter provisions to conform with the Constitution and general laws of the State.

It was evidently the purpose of the legislature in authorizing and regulating such libraries by general law to remove the same from politics and factional disturbance.

The provisions of the statute could not be abrogated by the charter provisions and, therefore, the city commission acted without authority in the premises.

The decree is affirmed, with costs to plaintiffs.

POTTER, C. J., and NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.