BUGDEN v. BAILEY.

1. MORTGAGES—MERGER OF ESTATES ON CONVEYANCE OF EQUITY TO MORTGAGEE—THIRD PARTIES.

Since whether a conveyance of the equity of redemption to the mortgagee results in the merger of the mortgage and the fee is primarily one of the intention of the mortgagee and when it is to the interest of the mortgagee and is his intention there is no merger, unless the rights of the mortgagor or third parties are affected thereby.

2. SAME—MERGER OF ESTATES—INTENT OF MORTGAGEE—PRESUMPTIONS.

If there is no expression of intention on the part of the mortgagee at the time he acquires the fee, it is presumed that he intended to do that which was most advantageous to himself and if this is that the two estates should not merge, no merger will take place.

3. SAME—MORTGAGEE'S ACCEPTANCE OF QUITCLAIM DEED WITHOUT
   KNOWLEDGE OF SUBSEQUENT MORTGAGE—MERGER—INTENTION.
   
   Mortgagee who took quitclaim deed from mortgagor and wife
   without knowledge of subsequent and junior mortgage upon the
   premises *held*, to have no intention to have a merger of the
   mortgage with the fee.

Appeal from Allegan; Miles (Fred T.), J. Submitted January 7, 1937. (Docket No. 58, Calendar No. 39,283.) Decided March 1, 1937.

Bill by Bert Bugden against William S. Bailey and First State Bank of South Haven, Michigan, to establish the priority of a mortgage. Cross-bill by defendant bank for foreclosure of a mortgage. Decree for plaintiff. Defendant bank appeals. Affirmed.

*Fred C. Cogshall,* for plaintiff.

*Lynn J. Lewis (Lewis R. Williams,* of counsel), for defendant bank.

SHARPE, J. This appeal is to review a decree concerning the priority of two mortgages. The facts have been stipulated. Defendant W. S. Bailey and wife were the owners of 50 acres of land and on October 31, 1924, borrowed $3,500 from Marshall Bugden and gave their promissory note secured by a real estate mortgage upon the above-mentioned property. Marshall Bugden died and the administrator of his estate assigned the note and mortgage to Bert Bugden, plaintiff herein. On March 1, 1932, defendant Bailey, being in default in payment of interest, taxes, and insurance deeded the premises to plaintiff and an agreement was entered into giving Bailey an option to purchase the premises for the amount due on the mortgage.

On June 17, 1931, Bailey made a second mortgage covering the same property in the sum of $1,400 to the defendant bank. The defendant bank called upon plaintiff to pay said mortgage, claiming that its mortgage had now become a first lien by reason of the conveyance from Bailey to plaintiff. It is also stipulated that prior to November 23, 1935, plaintiff had no knowledge that the bank had any lien against the premises.

It is charged in plaintiff's bill of complaint and admitted in defendant's answer that:

"At the time said conveyance was made and said agreement entered into it was represented to this plaintiff that said premises were free and clear of all liens and incumbrances except the mortgage owned by this plaintiff and taxes against said premises. * * *

"And this plaintiff further shows that the said note and mortgage which he held was not canceled or discharged and that he continued to hold and still holds said note and mortgage and that it was not the intention of this plaintiff to release or to discharge his lien of mortgage against said premises and that he did not discharge the same."

It was agreed on the date of the hearing that the amount due the plaintiff was $5,282.02 and that the amount due the defendant First State Bank of South Haven was $1,966.18.

Plaintiff filed a bill of complaint to establish his claim as a first lien against the property. The trial court entered an order establishing plaintiff's mortgage as a first lien against the premises. Defendant bank appeals and contends that as a matter of law the acceptance of the quitclaim deed by plaintiff and the execution of the option to purchase merged the first mortgage with the fee.

In *Beal* v. *Alschuler*, 277 Mich. 66, we said:

"The question of whether a conveyance of the equity to the mortgagee results in a merger of the mortgage and the fee is primarily one of the intention of the mortgagee, 41 C. J. p. 776, § 872, and when it is to the interest of the mortgagee and is his intention to keep the mortgage alive, there is no merger, unless the rights of the mortgagor or third persons are affected thereby. 19 R. C. L. p. 484, cited with approval in *Titus* v. *Cavalier*, 276 Mich. 117; *Anderson* v. *Thompson*, 225 Mich. 155.

" 'It has frequently been held that if there is no expression of intention on the part of the mortgagee at the time he acquires the fee, it must be presumed that he intended to do that which was most advantageous to himself, and if this is that the two estates should not merge, no merger will take place.' 19 R. C. L. p. 484, § 276.

"See, also, 46 A. L. R. 322."

The stipulated facts in this cause clearly show that there was no intention on the part of the plaintiff when he accepted a quitclaim deed from the defendant Bailey to have a merger of the mortgage with the fee.

The decree of the lower court is affirmed, with costs to plaintiff.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.