### BENTON HARBOR LIBRARY BOARD v CITY OF BENTON HARBOR

Docket No. 46167. Submitted June 3, 1980, at Grand Rapids.—Decided July 23, 1980.

The City of Benton Harbor enacted an ordinance requiring city employees to be residents of the city. The Benton Harbor Library Board brought an action seeking a declaration that the city was wrongfully attempting to enforce the residency requirement upon members and employees of the board. The Berrien Circuit Court, Zoe S. Burkholz, J., granted summary judgment in favor of the board, holding that the board was an independent body and was not subject to the residency requirement. The city appeals. *Held:*

The statute which enables municipalities to establish library boards and the city charter provision which created the board both envision the independent nature of the library board. The statute and charter take precedence over the city residency ordinance. Therefore, the board members and employees are not subject to the residency requirement.

Affirmed.

Municipal Corporations — Libraries — Library Boards — Statutes — City Charters.

A local library board created pursuant to statutory and city charter provisions, both of which envision an independent library board, is in fact independent and the board members and employees are not subject to a city residency requirement (MCL 397.205; MSA 15.1665, Benton Harbor City Charter, § 3.42).

*Samuel R. Henderson,* for plaintiff.

*K. Morris Gavin,* for defendant.

Reference for Points in Headnote

[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 247.

Amicus Curiae: Michigan Library Association (by *Anderson, Carr & Street).*

Before: R. B. BURNS, P.J., and MACKENZIE and J. T. KALLMAN,* JJ.

R. B. BURNS, P.J. Plaintiff filed suit in Berrien County Circuit Court claiming that the defendant was wrongfully attempting to enforce a residency requirement mandated by city ordinance upon members and employees of the library board. The circuit court held that the plaintiff was an independent body and not subject to the defendant's residency requirement. Defendant appeals and we affirm.

Plaintiff was created in 1899 pursuant to 1877 PA 164, MCL 397.201 *et seq.;* MSA 15.1661 *et seq.* The act provides in part as follows:

"Sec. 5. Said directors shall, immediately after appointment, meet and organize, by the election of one of their number president, and by the election of such other officers as they may deem necessary. They shall make and adopt such by-laws, rules and regulations for their own guidance and for the government of the library and reading room, as may be expedient, not inconsistent with this act. They shall have the exclusive control of the expenditure of all moneys collected to the credit of the library fund, and of the construction of any library building, and of the supervision, care, and custody of the grounds, rooms, or buildings constructed, leased, or set apart for that purpose: Provided, That all moneys received for such library shall be deposited in the treasury of said city to the credit of the library fund, and shall be kept separate and apart from other moneys of such city, and drawn upon by the proper officers of said city, upon the properly authenticated vouchers of the library board. Said board shall have power to purchase or lease grounds, to occupy, lease, or

---

* Circuit judge, sitting on the Court of Appeals by assignment.

erect an appropriate building or buildings for the use of said library; *shall have power to appoint a suitable librarian and necessary assistants, and fix their compensation; and shall also have power to remove such appointees;* and shall, in general, carry out the spirit and intent of this act in establishing and maintaining a public library and reading room." MCL 397.205; MSA 15.1665. (Emphasis added.)

Section 3.42 of the Benton Harbor City Charter provides in part:

"Such Board shall have full charge of any and all public libraries in the City of Benton Harbor and shall have the power to employ librarians and other persons deemed necessary to operate said libraries; also shall have full power to expend as they deem best, all monies appropriated for library purposes, except as hereinafter provided and may make such rules and regulations as they deem best and proper relative to the conduct of any such library and to the conduct of the persons within such library. Provided, however, that all finances of the Library Board shall be under the control and supervision of the Director of Finance."

Both the statute and the city charter envision an independent library board.

The Michigan Supreme Court in *Bostedor v Eaton Rapids,* 273 Mich 426; 263 NW 416 (1935), faced a situation where the city commission removed all members of the library board, sold the library building and attempted to relocate the library. The Court held that the statute controlled over a conflicting section of the city charter. The Court stated:

"It was evidently the purpose of the legislature in authorizing and regulating such libraries by general law to remove the same from politics and factional disturbance." 273 Mich 426, 429.

In the present case both the statute and the city charter envision an independent library board and in our opinion the statute and charter take precedence over the ordinance.

Affirmed. No costs, a public question.