JACKSON DISTRICT LIBRARY v JACKSON COUNTY #1

Docket No. 79371. Submitted June 10, 1985, at Lansing.—Decided October 9, 1985.

In 1977, the voters of the City of Jackson and Jackson County approved a 20-year one-mill property tax increase, to be used exclusively for the purpose of establishing and operating a single public library system in Jackson County. As a result, the city and county created the Jackson District Library and agreed to make available to the library's board of trustees the revenues generated by the one-mill tax to finance the library. Since 1978, the full one mill has been levied and has been included in the total ad valorem property tax rates reported by the county to the state as required by the Single Business Tax Act (SBTA). The county, in turn, has received tax revenues from the state based upon that overall tax rate. Under the SBTA, the county must pay an eligible authority its proportionate share of the reimbursements. The county has never paid such share to the library. The Jackson District Library filed suit against Jackson County and the Jackson County Board of Commissioners in Jackson Circuit Court alleging that it was an eligible authority within the meaning of the SBTA and seeking its share of monies received by the county under the act. Defendants moved for accelerated judgment, claiming that the library lacked the capacity to sue and was not a real party in interest. That motion was denied, James G. Fleming, J. The court thereafter granted summary judgment in favor of the defendants, ruling that the library was not an authority within the meaning of the SBTA and thus was not eligible to receive a proportionate share of the single business tax revenues disbursed to the county. Plaintiff appealed, and defendants cross-appealed claiming that the court erred in denying their motion

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Municipal Corporations, Counties, and other Political Subdivisions §§ 13, 542.

Am Jur 2d, State and Local Taxation § 852.

See the annotations in the ALR3d/4th Quick Index under Taxes.

[3, 4] Am Jur 2d, Pleading §§ 230 et seq.

See the annotations in the ALR3d/4th Quick Index under Judgment on Pleadings.

for accelerated judgment by concluding that the library had the capacity to bring suit and was a real party in interest. *Held:*

1. The library is a quasi-municipal corporation with the power to sue or be sued and may sue its parent governmental units over tax collections. It is a real party in interest. The trial court correctly denied the defendants' motion for accelerated judgment.

2. The library is authorized by statute to have taxes levied for its use as provided by law, therefore it meets the SBTA's definition of an eligible authority and is entitled to its proportionate share of single business tax revenues. The trial court erred in granting summary judgment in favor of defendants.

3. While the library is entitled to receive SBTA revenues from the county, it is unclear whether the library has ever requested these funds in the past, or needed to, and to what extent the county may have changed its position regarding use of the funds in the absence of a request by the library. The denial of the library's motion for summary judgment under GCR 1963, 117.2(3) is affirmed, since disputes over genuine issues of material fact appear to exist.

Affirmed in part and reversed in part.

1. MUNICIPAL CORPORATIONS — DISTRICT LIBRARIES — TAX REVENUES — POWER TO SUE.

A district library is a quasi-municipal corporation with the power to sue or be sued and may sue its parent governmental units over tax collections (MCL 397.271 *et seq.,* 600.2051[4]; MSA 15.1780[1] *et seq.,* 28.2051[4]).

2. MUNICIPAL CORPORATIONS — DISTRICT LIBRARIES — SINGLE BUSINESS TAX ACT — TAX REVENUES.

District libraries are authorized by law to have taxes levied for their use as provided by law; because of that authorization, district libraries meet the definition of eligible authorities under the Single Business Tax Act and are entitled to proportionate shares of single business tax revenues (MCL 208.137, 397.275; MSA 7.558[137], 15.1780[5]).

3. MOTIONS AND ORDERS — SUMMARY JUDGMENT — ISSUES OF MATERIAL FACT — COURT RULES.

The test to determine whether summary judgment should be granted on the ground that no genuine issues of material fact exist is whether the record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ; to grant summary judgment, a court must be satisfied that it

would be impossible for the claim to be supported at trial because of some deficiency which cannot be overcome (GCR 1963, 117.2[3]).

4. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM — COURT RULES.

A summary judgment motion on the ground that the opposing party has failed to state a claim upon which relief can be granted challenges the legal adequacy of the pleadings; the test which the court should apply is whether the claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover (GCR 1963, 117.2[1]).

*Foster, Swift, Collins & Coey, P.C.* (by *John L. Collins* and *Patrick R. Van Tiflin*), for petitioner.

*Edward J. Grant,* Prosecuting Attorney, and *Brian E. Thiede,* Chief Appellate Attorney, for respondent.

Before: MacKenzie, P.J., and Hood and J. Mies,* JJ.

Per Curiam. Plaintiff, Jackson District Library, appeals as of right from an order denying its motion for summary judgment pursuant to GCR 1963, 117.2(3) and granting defendant county's motion for summary judgment pursuant to GCR 1963, 117.2(1). The county has filed a cross-appeal contending that the court erred in denying its motion for accelerated judgment pursuant to GCR 1963, 116.1(3).

In 1977, the voters of the City of Jackson and Jackson County approved a 20-year one-mill property tax increase, to be used exclusively for the purpose of establishing and operating a single public library system in Jackson County. By agreement effective January 1, 1978, the city and the county created the Jackson District Library pursu-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

ant to MCL 397.271-397.276; MSA 15.1780(1)-15.1780(6). Under the agreement, the city and the county agreed to make available to the library's board of trustees the revenues generated by the one-mill tax to finance the library, however the agreement also indicated that the full one mill need not be levied in any given year.

Since 1978, the full one mill has been levied and has been included in the total ad valorem property tax rates reported by the county to the state pursuant to § 138 of the Single Business Tax Act, MCL 208.138; MSA 7.558(138). The county, in turn, has received tax revenues from the state based upon this overall tax rate. See MCL 208.135; MSA 7.558(135). Under § 137 of the act, the county must pay an "eligible authority" its proportionate share of these reimbursements. MCL 208.137; MSA 7.558(137). The county has never paid such share to the library.

In December 1982, the library filed an amended complaint alleging in Count III that it was an "eligible authority" within the meaning of the Single Business Tax Act and seeking its share of monies received by the county under the Single Business Tax Act. The county moved for accelerated judgment, claiming that the library lacked the capacity to sue and was not a real party in interest. The motion was denied.

After a number of maneuvers we need not detail here, the library moved for partial summary judgment on its claim pursuant to GCR 1963, 117.2(3), contending that as a matter of law it was entitled to its proportionate share of the single business tax revenues received by the county. In response, the county moved for summary judgment pursuant to GCR 1963, 117.2(1) and maintained that the library was not an eligible "authority". The circuit court granted the county's motion and denied the

library's motion, ruling that the library was not an "authority" within the meaning of the Single Business Tax Act and thus was not eligible to receive a proportionate share of the single business tax revenues disbursed to the county.

The county claims on cross-appeal that the circuit court erred in denying its motion for accelerated judgment by concluding that the library had the capacity to bring suit and was a real party in interest. We disagree.

GCR 1963, 201.3(5) and MCL 600.2051(4); MSA 28.2051(4), governing capacity to sue, both provide in pertinent part:

"Actions to which this state or any governmental unit, *including* but not limited to a public, municipal, *quasi-municipal,* or governmental corporation, unincorporated board, public body, or political subdivision is a party may be brought by or against such party in its own name * * *." (Emphasis added.)

Quasi-municipal corporations have been characterized as governmental agencies constitutionally or statutorily authorized to operate "for and about the business * * * of the State". *Attorney General ex rel Kies v Lowrey,* 131 Mich 639, 643; 92 NW 289 (1902). We agree with the circuit court that the library is a quasi-municipal corporation. The Legislature is constitutionally required to provide for the establishment and support of public libraries "available to all residents of the state". Const 1963, art 8, § 9. The Legislature's provision for a district library board's powers is contained in MCL 397.274; MSA 15.1780(4):

"The board of trustees of each district library established shall have the following powers:

"(a) To establish, maintain, and operate a public library for the district.

"(b) To appoint a librarian, and the necessary assistants, and fix their compensation. The board may remove the librarian and other assistants.

"(c) To purchase books, periodicals, equipment, and supplies.

"(d) To purchases sites and erect buildings, to lease suitable quarters, or to both erect building and lease quarters and to have supervision and control of the property.

"(e) To enter into a contract to receive service from or give service to a library within or without the district and to give service to municipalities within or without the district which do not have a library.

"(f) To have exlusive control of the expenditure of all money collected to the credit of the library fund.

"(g) To make by-laws and regulations not inconsistent with this act as may be expedient for the board's own government and that of the library."

The constitutional mandate, coupled with the statutory powers granted to libraries, clearly implies plaintiff's quasi-corporate status and the power to sue or be sued. Moreover, in light of the constitutional stature of libraries, it seems clear that a library is independent for purposes of suing one of its "parent" governmental units over tax collections. See, *e.g., Bostedor v Eaton Rapids,* 273 Mich 426; 263 NW 416 (1935); *Benton Harbor Library Bd v Benton Harbor,* 99 Mich App 62; 297 NW2d 619 (1980); *Attorney General ex rel McRae v Thompson,* 168 Mich 511; 134 NW 722 (1912).

Since the library has the capacity to sue and seeks Single Business Tax Act revenues for its own benefit, it is a real party in interest. See 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1984 pocket part, p 286, and *Sinai Hospital of Detroit v Sivak,* 88 Mich App 68; 276 NW2d 518 (1979), *lv den* 406 Mich 958 (1979). We therefore affirm the denial of the county's motion for accelerated judgment.

The library contends that the circuit court erred in denying its motion for summary judgment pursuant to GCR 1963, 117.2(3) and in granting the county's motion pursuant to GCR 1963, 117.2(1). The basis of both motions was § 137 of the Single Business Tax Act, which provides in pertinent part:

"(1) The treasurer of any city, village, township, or county who collects money for an authority that levies property taxes, shall pay an eligible authority its proportionate share of the reimbursements under sections 134 and 135. The proportionate share shall be calculated by the percentage that the property taxes collected by the authority are to the property taxes of the assessing unit. The property taxes of such authorities may be added to the millages used in section 134.

"(2) For an authority to be eligible for compensation under this act, that authority must have an authorization to have taxes levied for its use as provided by law."

In deciding the parties' motions, the court determined that under the language of § 137 the Legislature intended disbursement of single business tax revenues only to those authorities specifically authorized by their enabling statutes to levy a tax directly, "or those where the Legislature has set a maximum tax rate and empowered the governing board of these authorities to budget pursuant to that rate, as well as requiring the local municipalities to levy that tax on behalf of the governing board". The court then noted the language of MCL 397.275; MSA 15.1780(5), governing the support of district libraries, as it read on January 1, 1978, when plaintiff was established, and concluded that under that statute, the "Legislature specifically did not give the library Board of Trustees the power to tax nor the right to have taxes levied in its behalf". The court therefore ruled that the

library was not an "authority" under the terms of the Single Business Tax Act.

We cannot agree. While it is true that § 137(1) speaks of "an authority that levies property taxes", it also provides that a county must make payment to an "eligible authority". Section 137(2) defines an eligible authority as one authorized "to have taxes levied for its use as provided by law". It is within the legislative power to define the sense in which words are employed in a statute. *Erlandson v Genesee County Employees' Retirement Comm*, 337 Mich 195, 204; 59 NW2d 389 (1953). We must not "search afield for meanings where the act supplies its own". *W S Butterfield Theatres, Inc v Dep't of Revenue*, 353 Mich 345, 350; 91 NW2d 269 (1958).

MCL 397.275; MSA 15.1780(5), as amended by 1978 PA 465, governs the support of district libraries. It reads:

"The sums necessary for the establishment and operation of a district library shall be appropriated by the governing or legislative boards of the municipalities entering into the formation of the district library, or by a tax levy for this purpose authorized by a vote of the qualified electors in a participating municipality *or a vote of the qualified electors of the district established by the participating municipalities pursuant to section 2(2) of this act, if the proposed tax levy is submitted by the board of trustees of the district library.* If a municipality withdraws from the district library, a previously voted tax levy shall be continued for provision of public library support." (Emphasis added.)

We find that this language authorizes district libraries "to have taxes levied for [their] use as provided by law". Accordingly, we conclude that the library meets the definition of "eligible authority" and pursuant to § 137 is entitled to its proportionate share of single business tax revenues.

Summary judgment under GCR 1963, 117.2(3) should not be granted if a genuine issue exists as to any material fact. The test is whether the record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ. To grant summary judgment, the court must be satisfied that it would be impossible for the claim to be supported at trial because of some deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 371-373; 207 NW2d 316 (1973).

While plaintiff is entitled to receive Single Business Tax Act revenues from defendant county, it is unclear whether plaintiff has ever requested these funds in the past, or needed to, and to what extent defendant county may have changed its position regarding use of the funds in the absence of a request by plaintiff. Therefore, we affirm the denial of plaintiff's motion for summary judgment under GCR 1963, 117.2(3), as disputes over genuine issues of material fact appear to exist.

A summary judgment motion under GCR 1963, 117.2(1) challenges the legal adequacy of the pleadings. The test which the court should apply is whether plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possible justify a right to recover. *Abel v Eli Lilly & Co,* 418 Mich 311, 323-324; 343 NW2d 164 (1984), *reh den* 419 Mich 1201, 1214 (1984), *cert den* — US —; 105 S Ct 123; 83 L Ed 2d 65 (1984). Because we conclude that the library has presented an enforceable claim pursuant to § 137 of the Single Business Tax Act, we reverse the order granting the county's motion for summary judgment.

Affirmed in part and reversed in part.