TIDWELL v DASHER

Docket No. 84920. Submitted April 1, 1986, at Detroit. Decided June
    3, 1986.

Plaintiff, Travis Tidwell, and defendant Marie C. Tidwell, who at
    the time was married to plaintiff, purchased on land contract a
    property in Lincoln Park, Michigan, from defendant Dorothy
    Dasher and the other remaining defendants. Plaintiff was
    divorced from Marie Tidwell, who was given the property free
    and clear of any claims of plaintiff but subject to a lien in favor
    of plaintiff in the amount of $7,000. The divorce judgment was
    recorded in the Register of Deeds office on November 26, 1981.
    On November 12, 1982, defendant Tidwell filed for bankruptcy
    and listed the plaintiff as a creditor in her bankruptcy schedule
    for the $7,000 on the property settlement, and also listed as
    creditors the vendors for the debt owed under the land con-
    tract. The trustee of the bankruptcy estate abandoned any
    interest in the land contract as having an inconsequential
    value. On February 5, 1983, the vendee executed a quitclaim
    deed in lieu of foreclosure to the vendors to clear the title. On
    March 17, 1983, defendant Tidwell, as vendee, was discharged
    in bankruptcy of her debts. Plaintiff brought an action in the
    Wayne Circuit Court against defendants to foreclose his judg-
    ment lien. The land contract vendors counterclaimed to clear
    the title to the property. The property was sold by consent of
    the parties and $8,000 was placed in escrow pending judicial
    determination of the rights of the parties. The court, Michael
    L. Stacey, J., granted summary disposition for defendants based
    on a lack of a disputed issue of material fact and ordered
    plaintiff's complaint dismissed. Plaintiff appealed. Held:

    1. The test to determine whether summary judgment should
    be granted on the ground that no genuine issues of material

REFERENCES

Am Jur 2d, Bankruptcy §§ 534 et seq., 779.
Am Jur 2d, Mortgages §§ 543, 544.
Am Jur 2d, Summary Judgment §§ 26 et seq.
Am Jur 2d, Vendor and Purchaser §§ 1, 4.
See the annotations in the ALR3d/4th Quick Index under Bank-
    ruptcy; Mortgages; Summary Judgment.

fact exist is whether the record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ. To grant summary judgment, a court must be satisfied that it would be impossible for the claim to be supported at trial because of some deficiency which cannot be overcome.

2. The discharge of a debtor in bankruptcy does not affect a lien of a mortgage on the debtor's property, since a discharge is no bar to a subsequent foreclosure but only relieves the discharged bankrupt debtor from personal liability on the underlying obligation, nor does it operate to prohibit the enforcement of the lien upon property of the debtor that has not otherwise been avoided.

3. A question existed as to whether defendant vendors were on notice of the lien created by the divorce judgment.

4. A question existed as to whether there was a merger of the vendor's lien upon the quitclaim deed's being given by Marie Tidwell to the vendors and, thus, how the intervening liens were affected.

5. The fact that Marie Tidwell may or may not have had an equity interest in the property at the time it was sold by the vendors after her default is of no consequence, because the vendors took a reassignment of her interest and did not pursue a foreclosure action.

6. The court erred in granting summary disposition.

Reversed and remanded.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — ISSUES OF MATE-
RIAL FACT — COURT RULES.

The test to determine whether summary judgment should be granted on the ground that no genuine issues of material fact exist is whether the record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ; to grant summary judgment, a court must be satisfied that it would be impossible for the claim to be supported at trial because of some deficiency which cannot be overcome (MCR 2.116[C][10]).

2. BANKRUPTCY — MORTGAGES — SECURED TRANSACTIONS.

The discharge of a debtor in bankruptcy does not affect a lien of a mortgage on the debtor's property, since a discharge is no bar to a subsequent foreclosure but only relieves the discharged bankrupt debtor from personal liability on the underlying obligation, nor does it operate to prohibit the enforcement of

the lien upon property of the debtor that has not otherwise been avoided (11 USC 524[a][2]).

3. VENDOR AND PURCHASER — LAND CONTRACTS — TITLE.
   When property is sold on land contract, legal title is retained by the vendor and an equitable title or interest is obtained by the vendee.

4. VENDOR AND PURCHASER — LAND CONTRACTS.
   Upon the execution of a land contract, legal title remains in the vendor but is held as security for the payment of the purchase price and the vendee, upon payment of the purchase price in full, has the right to have a conveyance of the legal title.

*Eugene A. Goreta,* for plaintiff.

*Thomas F. Chernot,* for defendants Dasher.

Before: CYNAR, P.J., and WAHLS and E. E. BORRADAILE,* JJ.

E. E. BORRADAILE, J. Plaintiff appeals as of right from an order entered by the trial judge granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(10), the court finding no genuine issue of material fact.

It appears that the defendants Dasher and Mate owned the premises in fee simple at 1374 Cleveland in Lincoln Park, Michigan, and on December 22, 1980, sold the property to plaintiff, Travis Tidwell, and defendant Marie Tidwell, who at that time were husband and wife, for the sum of $42,-500 with a $7,500 cash down payment and the balance to be paid on land contract at $350 per month, including ten percent interest.

On October 9, 1981, plaintiff secured a judgment of divorce from defendant Marie Tidwell, who has failed to enter an appearance or file a brief in this matter on appeal. In the judgment of divorce, she was given the real estate free and clear of any

* Circuit judge, sitting on the Court of Appeals by assignment.

claim on the part of the plaintiff, subject to the land contract encumbrance and any home improvement loan or loans thereon which she was to assume and agree to pay and hold the plaintiff harmless therefrom. Then the judgment provided: "It is further ordered and adjudged that the above described property should be subject to a lien in the sum of seven thousand ($7,000) dollars in favor of the plaintiff, Travis Tidwell and said lien shall be payable when the marital home is sold or within the period of ten (10) years, whichever event occurs first." According to plaintiff's brief, the divorce judgment was recorded in the Wayne County Register of Deeds office on November 26, 1981, in Liber G62321268, p 749692. Defendant Tidwell, as vendee, defaulted on the land contract and also failed to pay taxes and water bills. On November 12, 1982, she filed for bankruptcy and listed the plaintiff as a creditor in her bankruptcy schedule for the $7,000 on the property settlement, and also listed as creditors the vendors for the debt owed under the land contract. Counsel stated at oral argument and alleged in the briefs filed that the trustee of the bankruptcy estate abandoned any interest in the land contract as having an inconsequential value. On March 17, 1983, defendant Tidwell, as vendee, was discharged in bankruptcy of her debts.

On February 5, 1983, the vendee executed a quitclaim deed in lieu of foreclosure to the vendors to clear the title. Plaintiff filed the complaint which is the subject of this case to foreclose his divorce judgment lien on October 4, 1983, naming the vendors and the vendee as defendants, and the vendors filed a countercomplaint against the plaintiff for a bill to clear the cloud on the title. In February, 1985, the parties agreed that plaintiff would discharge his lien claim on the real estate

so that the property could be sold, and the property was subsequently sold to a third party for $39,000 with the sum of $8,000 placed in an escrow account pending judicial determination of the rights of the parties.

After hearing oral argument on April 5, 1985, the circuit judge denied plaintiff's motion for summary disposition and granted the vendor defendants' motion for summary disposition based on no disputed issue of material fact, and also ordered that the plaintiff's complaint be dismissed.

Plaintiff on appeal alleges that the quitclaim deed from the vendee to the vendors in lieu of foreclosure does not extinguish his recorded junior judgment lien, and also alleges that her discharge in bankruptcy does not discharge the interests of the judgment lien recorded prior to the filing of the bankruptcy petition.

The defendant vendors in this case allege that the lien imposed by the divorce judgment is not enforceable against them because they were not parties to the divorce and the lien attached only to the defendant wife's equity interest in the real estate and, because her equity is zero, there is no interest to be attached by plaintiff's lien.

Summary disposition under MCR 2.116(C)(10) should not be granted if a genuine issue exists as to any material fact. The test as stated in *Rizzo v Kretschmer,* 389 Mich 363, 371-373; 207 NW2d 316 (1973), is whether the record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ. To grant summary disposition the court must be satisfied that it would be impossible for the claim to be supported at trial because of some deficiency which cannot be overcome. See GCR 1963, 117.2(3);

*Jackson Dist Library v Jackson Co #1,* 146 Mich App 392, 400; 380 NW2d 112 (1985).

Though the former wife of plaintiff had been discharged in bankruptcy, the law seems quite clear that a discharge in bankruptcy does not affect a lien of a mortgage, as a discharge is no bar to a subsequent foreclosure but only relieves the discharged bankrupt from personal liability on the obligation. See *First State Bank v Zoss,* 312 NW2d 127 (SD, 1981). Congress has recently amended the bankruptcy code effective October 8, 1984, to provide that a discharge no longer operates as an injunction against an act to collect, recover or offset any discharged debt from property of the debtor, whether or not the discharge is waived. A discharge therefore no longer operates to prohibit the enforcement of a lien upon property of the debtor that has not otherwise been avoided. See 9A Am Jur 2d (1985 Cum Supp), Bankruptcy, § 779, p 166. 11 USC 524(a)(2) was amended in 1984 by Pub L 98-353, effective October 8, 1984.

Just as the vendors' interest was not discharged by bankruptcy proceedings, neither can it be found on the state of facts as existed when the matter was argued before the trial court that the lien provided in the judgment of divorce was discharged as it affected the property. See also *Mary v Lewis,* 399 Mich 401, 410-412; 249 NW2d 102 (1976).

A question is also raised in this case as to whether the defendant vendors are on notice of the lien created by the divorce judgment. There is no question but what the vendors were aware of the plaintiff's having an interest in the premises because he was an original signatory with them and with his ex-wife to the land contract which is the subject matter of this case. Michigan law is quite clear that, when property is sold on a land

contract, legal title is retained by the vendor and an equitable title or interest is obtained by the vendee. See *General Electric Co v Levine,* 50 Mich App 733, 736; 213 NW2d 811 (1976). Whether the vendors' accepting a quitclaim deed solely from the ex-wife in order to avoid having to foreclose on the land contract is an indication of notice is a question of fact which has not been resolved in this case. An additional question exists as to whether the vendors are on notice of any recordings in the Register of Deeds, registration of the divorce judgment having come after the signing of the land contract, and there is a question also as to whether the vendors searched the records to determine that only defendant Marie Tidwell needed to sign the quitclaim deed conveying the interest of the parties back to the vendors.

The principal issue in this case, which is not adequately dealt with by either side in the briefs, is the question as to whether there was a merger of the vendor's lien upon the quitclaim deed's being given by Marie Tidwell to the vendors and, thus, how the intervening liens are affected.[1] The question of intention of a mortgagee or vendor is a question of fact which must be developed from evidence produced to show what that intention was at the time the acts were done, and is not something that can be summarily dealt with as was done in this case.

---

[1] See Anno: *Deed from mortgagor to mortgagee or from purchaser to vendor as merger of mortgage or of vendor's lien as regards intervening liens,* 148 ALR 816. The Michigan cases cited in the annotation generally refer to proceedings on foreclosure of mortgage or accepting of a mortgagor's interest by the mortgagee. See *French v De Bow,* 38 Mich 708 (1878); *Titus v Cavalier,* 276 Mich 117; 267 NW 799 (1936); *Bugden v Bailey,* 279 Mich 12; 271 NW 534 (1937). The Revised Judicature Act, 1961 PA 236, effective January 1, 1963, relating to foreclosure of mortgages and land contracts, MCL 600.3101 *et seq.;* MSA 27A.3101 *et seq.,* deals equally with the authority to foreclose mortgages on real estate and land contracts.

In land contract law, the Legislature and the court cases have provided a number of remedies for vendors. It has been said that nearly a dozen remedies traditionally have been available to foreclose on land contracts. See *Gruskin v Fisher,* 70 Mich App 117, 125; 245 NW2d 427 (1976), rev'd on other grounds 405 Mich 51 (1979). As a competing consideration, the plaintiff in this case as the plaintiff in the divorce action could have had a clause placed in the contract allowing him to redeem or to step into the shoes of the ex-wife vendee upon her failure to comply with terms and conditions of the land contract. We are merely suggesting that there are a number of considerations which raise questions of fact which should not have been dealt with by a summary disposition in this matter.

The vendors in this case also argue that the plaintiff's lien attached only to the vendee's equity interest in the real estate and, since there was no equity interest in the land contract in the ex-wife, there was nothing for the lien to attach to at the time of its imposition. The Michigan Supreme Court in *Hooper v Van Husan,* 105 Mich 592, 597; 63 NW 522 (1895), indicated that the legal title remains in the vendor but is held as security for the payment of the purchase price and the vendee upon payment in full of the purchase price has a right to have a conveyance of the legal title.

Equitable title generally gives the right of possession, and thus a vendee in a land contract has more than merely an equitable title. It is accurate that a vendee can give a lien on his property only to the extent of the interest the vendee holds. See 53 CJS, Liens, § 7, p 852. In this case, the fact that a vendee may or may not have had an equity in the property at the time it was sold by the vendors after the vendee's default is of no consequence,

because the vendors took a reassignment of the vendee's interest and did not pursue a foreclosure action.

Reversed and remanded for trial of the fact issues.