NASSER v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 92840. Submitted January 14, 1988, at Detroit. Decided June 7, 1988.

Nasr Nasser suffered injuries in an automobile accident, was hospitalized for several weeks, and received outpatient physical therapy, incurring $25,059.29 in medical expenses. Auto Club Insurance Association, with whom Nasser had contracted for full comprehensive medical expenses under a no-fault policy of insurance, received itemized billings for Nasser's expenses by July 7, 1982, but refused to pay them, claiming that the hospitalization and much of the testing performed on Nasser had been unnecessary. Nasser filed suit against Auto Club in Wayne Circuit Court on February 7, 1983, for failure to pay his medical expenses. The court, James A. Hathaway, J., granted summary disposition in favor of plaintiff, finding that Auto Club's claim of unreasonable medical expense was not a valid defense to a contract action and that only damages were at issue. Auto Club conditionally waived a jury trial. Following trial, the court awarded plaintiff $25,059.29 in medical expenses plus twelve percent judgment interest, but declined to award plaintiff penalty interest or attorney fees. Defendant appealed and plaintiff cross-appealed.

The Court of Appeals held:

1. The reasonableness of medical expenses cannot be used as a defense to liability in a no-fault accident case. The court did not err in granting a summary disposition on the ground that defendant failed to state a valid defense to the claim asserted against it.

2. The court did not err in granting summary disposition on the ground that there was no genuine issue of material fact other than the amount of damages. The disagreement over the reasonableness of the medical expenses did not constitute a genuine issue of material fact.

3. The court did not abuse its discretion by excluding evi-

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 et seq., 357 et seq.
Am Jur 2d, Insurance §§ 1468, 1493.
Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

dence that plaintiff's medical bills had already been paid by Blue Cross. The evidence was barred by the collateral source rule.

4. The trial court erred in refusing to award plaintiff twelve percent penalty interest. Defendant's failure to pay plaintiff's benefits by December 18, 1982, justified imposition of penalty interest.

5. The trial court did not err in denying plaintiff's request for attorney fees. A bona fide factual uncertainty precludes the characterization of defendant's conduct as unreasonable refusal or unreasonable delay warranting the imposition of attorney fees.

Affirmed in part, reversed in part, and remanded for computation of penalty interest.

1. INSURANCE — NO-FAULT — DEFENSES.

    The reasonableness of medical expenses cannot be used as a defense to liability in a no-fault accident case.

2. INSURANCE — NO-FAULT — SUMMARY DISPOSITION — REASONABLE-NESS OF MEDICAL CARE.

    A disagreement over the reasonableness of medical care received by an insured does not constitute a genuine issue of material fact which would preclude summary disposition where the defendant insurer does not dispute that the insured was treated for injuries arising out of a covered accident or that the plaintiff insured was billed for the medical care and the insurer never argued that the charges were excessive (MCR 2.116[C][10]).

3. INSURANCE — COORDINATION OF BENEFITS.

    An insurer which issues a policy of insurance which does not contain a coordination of benefits clause is required to make full payment for those injuries covered by the policy, regardless of any payment received by the insured from additional policies.

4. INSURANCE — NO-FAULT — PENALTY INTEREST.

    Twelve percent per annum penalty interest is payable on an award of personal protection insurance benefits where payment is not made within thirty days after the insurer receives reasonable proof of the fact and of the amount of the loss (MCL 500.3142; MSA 24.13142).

5. INSURANCE — NO-FAULT — ATTORNEY FEES.

    A court may award attorney fees to a claimant where an insurer has unreasonably refused or delayed making payments under

the no-fault automobile insurance act; an insurer's delay in making payments to an insured is not unreasonable where the delay is the product of a bona fide factual uncertainty (MCL 500.3148[1]; MSA 24.13148[1]).

*Fieger & Fieger, P.C.* (by *Geoffrey N. Fieger*), for plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *Clifford Schiesel*), and *Gromek, Bendure & Thomas* (by *John A. Lydick*), of Counsel, for defendant.

Before: J. H. GILLIS, P.J., and WEAVER and G. S. ALLEN,* JJ.

WEAVER, J. Defendant appeals as of right from an order of summary disposition granted in favor of plaintiff pursuant to MCR 2.116(C)(9) and (10).

I

Plaintiff was involved in an automobile accident on April 13, 1982. Upon the recommendation of Dr. Roberto Williams, the internist who examined plaintiff on the day of the accident, plaintiff was hospitalized from April 14 through April 30, 1982, from May 4 through May 21, 1982, and again from June 1 through June 18, 1982. Plaintiff also received outpatient physical therapy from May 24 through May 28, 1982. Plaintiff's medical expenses amounted to $25,059.29.

Defendant, with whom plaintiff had contracted for full comprehensive medical expenses under a no-fault policy of insurance, received itemized billings for plaintiff's medical expenses by July 7, 1982, but refused to pay them. Defendant's refusal

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

was based on a second examination, on July 10, 1982, performed by an orthopedic surgeon of defendant's choosing, Dr. Mitchell C. Pollak. From this second examination, plus Dr. Pollak's evaluation of Dr. Williams' report together with plaintiff's medical records submitted by November 18, 1982, Dr. Pollak opined that hospitalization and much of the testing performed on plaintiff had been unnecessary.

Plaintiff sued defendant on February 7, 1983, for failure to pay his medical expenses. The trial court granted summary disposition in favor of plaintiff pursuant to MCR 2.116(C)(9) and (10) as to defendant's claim that it should not have to pay the medical expenses because the treatment was unnecessary and the expenses therefore unreasonable, ruling that defendant's claim was not a valid defense to a contract action and that only damages were at issue. Defendant conditionally waived a jury trial. The trial court heard evidence on the issue of damages and awarded plaintiff $25,059.29 in medical expenses plus twelve percent judgment interest, but declined to award plaintiff penalty interest or attorney fees. Defendant appeals as of right. Plaintiff cross-appeals.

II

On appeal, defendant attacks the trial court's finding that defendant's failure to state a valid defense warranted a grant of summary disposition pursuant to MCR 2.116(C)(9). Defendant relies on MCL 500.3107; MSA 24.13107 to argue, based on Dr. Pollak's second evaluation, that defendant had stated a valid defense in its argument that services rendered to plaintiff were not "reasonably necessary" and hence could not have resulted in "reasonable charges" triggering its liability for pay-

ment of benefits under the no-fault act, MCL 500.3105; MSA 24.13105.

We disagree with this contention. The reasonableness of medical expenses cannot be used as a defense to liability in a no-fault accident case. Strong policy considerations support this position, since an accident victim would be held to an impossible standard of medical knowledge if required to determine that his or her doctor's orders were "reasonably necessary" before accepting treatment. Therefore the defense of reasonableness as to plaintiff's medical expenses was legally insufficient—so untenable that no factual development would have prevented plaintiff's right to recovery —and the trial court properly granted summary disposition pursuant to MCR 2.116(C)(9). *Karaskiewicz v Blue Cross & Blue Shield of Michigan,* 126 Mich App 103, 110; 336 NW2d 757 (1983), lv den 418 Mich 882 (1983).

Defendant also argues that summary disposition should not have been granted pursuant to MCR 2.116(C)(10) because the dispute over the reasonableness of plaintiff's medical expenses constituted a genuine issue of material fact.

The disagreement over the reasonableness of the medical expenses did not constitute a genuine issue of material fact. Defendant never disputed that plaintiff was treated by Dr. Williams for injuries arising from the accident of April 13, 1982, or that plaintiff was billed $25,059.29 for his medical care, and defendant never argued that the charges for these services were excessive. As plaintiff's no-fault insurer, defendant was liable for payment of benefits for plaintiff's injuries, because such injuries arose "out of the ownership, operation, maintenance or use of a motor vehicle," MCL 500.3105(1); MSA 24.13105(1). Defendant was required to pay such benefits within thirty days of

receiving "reasonable proof" of injury and amount of loss, failure to pay giving rise to a rebuttable presumption of unreasonable refusal or undue delay. MCL 500.3142(2); MSA 24.13142(2); *Bradley v DAIIE,* 130 Mich App 34, 46; 343 NW2d 506 (1983).

As there was no issue of liability, there were no genuine issues of material fact except as to the amount of damages, and the question of reasonableness went not to the issue of liability but to the issue of damages. However, defendant waived the right to a jury trial on the issue of damages, thereby precluding a jury fact finding as to the reasonableness of plaintiff's expenses. See *Nelson v DAIIE,* 137 Mich 226, 231; 359 NW2d 536 (1984). When considering the issue of damages, the court was permitted to rule as a matter of law that plaintiff's medical expenses in his no-fault case were necessary and allowable. See *Manley v DAIIE,* 425 Mich 140, 157; 388 NW2d 216 (1986). Consequently defendant's claim of unreasonable medical expenses was not an issue of material fact which defendant could have supported at trial, and the court properly granted summary disposition pursuant to MCR 2.116(C)(10). *Tidwell v Dasher,* 152 Mich App 379, 383; 393 NW2d 644 (1986).

III

Defendant also argues that the trial court abused its discretion by excluding evidence that plaintiff's medical bills had already been paid by Blue Cross/Blue Shield. We disagree.

The evidence was barred by the collateral source rule. *Blacha v Gagnon,* 47 Mich App 168, 171; 209 NW2d 292 (1973). Cf. *Richards v Pierce,* 162 Mich App 308, 318-319; 412 NW2d 725 (1987). Further, plaintiff's contract with defendant did not contain

a coordinated benefits clause. Plaintiff undoubtedly paid a higher premium for full benefits and defendant was accordingly required to make full payment for those injuries covered by the policy, regardless of any payment received from additional policies. See *Federal Kemper Ins Co, Inc v Health Ins Admin, Inc*, 424 Mich 537, 539; 383 NW2d 590 (1986). Any relevancy to plaintiff's claim of emotional distress is negated by the fact that the trial court did not award damages for emotional distress. The trial court did not abuse its discretion by excluding the evidence. *Houston v Grand Trunk W R Co*, 159 Mich App 602, 606; 407 NW2d 52 (1987).

IV

On cross-appeal, plaintiff argues that he is entitled to receipt of twelve percent penalty interest pursuant to MCL 500.3142(2); MSA 24.13142(2). We agree.

Although the trial court found that plaintiff had a valid contract with defendant, that plaintiff's medical expenses were reasonable, and that defendant had refused to pay those expenses, the court refused to award penalty interest. Such refusal was error, since the only basis for denying penalty interest would have been plaintiff's failure to submit reasonable proof of injury and the amount of loss sustained. *Bradley, supra* at 50; *Cook v DAIIE*, 114 Mich App 53, 54-55; 318 NW2d 476 (1982). Here, the trial court found that defendant had submitted reasonable proof of injury and the amount of loss. Because defendant received plaintiff's itemized billings, medical records, and the medical report of Dr. Williams by November 18, 1982, defendant was required to pay plaintiff's benefits by December 18, 1982. Defendant's failure

to pay justified the imposition of penalty interest under the statute.

V

Plaintiff also argues on cross-appeal that the trial court erred by denying his request for attorney fees. We disagree. A bona fide factual uncertainty precludes the characterization of defendant's conduct as unreasonable refusal or unreasonable delay warranting the imposition of attorney fees under MCL 500.3148(1); MSA 24.13148(1); *Liddell v DAIIE,* 102 Mich App 636, 650; 302 NW2d 260 (1981), lv den 411 Mich 1079 (1981).

Affirmed as to defendant's issues on appeal. Affirmed as to plaintiff's issue of attorney fees on cross-appeal. Reversed as to plaintiff's issue of penalty interest, and remanded to the trial court for computation of such interest in conformity with this opinion.

Affirmed in part, reversed in part, and remanded.