### SASSEEN v COMMUNITY HOSPITAL FOUNDATION

Docket No. 85183. Submitted June 17, 1986, at Detroit. Decided August 26, 1986.

Donald Sasseen brought a medical malpractice action in the Macomb Circuit Court against Community Hospital Foundation, Merle B. Haney, M.D., Merle B. Haney, M.D., P.C., and others. Plaintiff had sought treatment at Almont Community Hospital's emergency room for a severe stomach ache. After the attending emergency room physician, who did not have admitting privileges, consulted with Dr. Haney, plaintiff's long-time personal physician, plaintiff was admitted on Dr. Haney's orders. Dr. Haney subsequently performed exploratory abdominal surgery, during which a tumor in plaintiff's right pelvis was excised without the benefit of a biopsy. Plaintiff suffered postoperative pain, numbness and tingling in his left leg, and his pulse when felt from the leg became weaker. Plaintiff was then transferred to William Beaumont Hospital for an arteriogram, which showed that plaintiff's left external iliac artery was totally occluded. Emergency surgery was performed, during which it was discovered that the artery had been severed in the previous operation but was not reconnected. An arterial graft restored circulation to the leg, but, because the leg was without adequate blood supply for approximately three days, plaintiff suffered irreversible nerve damage, which he claimed has caused his total disability. The trial court, Lawrence P. Zatkoff, J., granted partial summary judgment in favor of defendant Community Hospital Foundation, the owner and operator of Almont Community Hospital, as to all claims of vicarious liability for the actions or omissions of Dr. Haney and his

REFERENCES

Am Jur 2d, Agency §§ 270, 280.

Am Jur 2d, Hospitals and Asylums §§ 14, 28.

Am Jur 2d, Master and Servant §§ 129, 130, 411.

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 286, 299, 300.

Am Jur 2d, Summary Judgment §§ 1-4, 6, 18, 26, 27, 32, 33.

Liability of hospital or sanitarium for negligence of physician or surgeon. 51 ALR4th 235.

professional corporation, ruling that Dr. Haney was an independent contractor. Plaintiff appealed.

The Court of Appeals *held:*

Generally, a hospital is not vicariously liable for the negligence of a physician who is an independent contractor and merely uses the hospital's facilities to treat his patients. However, a physician can be found to be an agent of the hospital by estoppel, so as to create vicarious liability in the hospital for the physician's malpractice, where the plaintiff, at the time of his admission to the hospital, was looking to the hospital for treatment by medical personnel who are ostensibly agents of the hospital, rather than merely as the place where his physician would treat him. In this case, there was no indication of any act or statement by defendant hospital which would have led plaintiff to believe that Dr. Haney was anything other than an independent contractor performing services for, but not subject to the direct control of the hospital.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — GENUINE ISSUE OF MATERIAL FACT — COURT RULES.

A motion for summary judgment based on a lack of a genuine issue as to any material fact tests whether there is actual support for a claim; in ruling on the motion, the court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence then available to it, and in granting the judgment the court must be satisfied that it is impossible for the claim asserted to be supported at trial because of some deficiency which cannot be overcome (GCR 1963, 117.2[3], now MCR 2.116[C][10]).

2. HOSPITALS — MALPRACTICE — PHYSICIANS AND SURGEONS — VICARIOUS LIABILITY.

A hospital, generally speaking, is not vicariously liable for the negligence of a physician who is an independent contractor and merely uses the hospital's facilities to treat his patients.

3. HOSPITALS — MALPRACTICE — PHYSICIANS AND SURGEONS — VICARIOUS LIABILITY — PRINCIPAL AND AGENT — ESTOPPEL.

A physician can be found to be the agent by estoppel of a hospital, so as to create vicarious liability in the hospital for the physician's malpractice, where the plaintiff, at the time of his admission to the hospital, was looking to the hospital for treatment by medical personnel who were ostensibly agents of the hospital, rather than merely as the place where his physician would treat him; one relevant factor in this determination

is whether the hospital provided the plaintiff with the physician or there was a physician-patient relationship independent of the hospital setting.

*Goodman, Eden, Millender & Bedrosian* (by *Elizabeth Gleicher*), for plaintiff.

*Franklin, Bigler, Barry & Johnston, P.C.* (by *Witold Sztykiel*), for Community Hospital Foundation.

Before: ALLEN, P.J., and WAHLS and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff appeals as of right from a March 18, 1985, order of the Macomb Circuit Court granting defendant Community Hospital Foundation's summary-judgment motion as to all claims of vicarious liability for the actions or omissions of codefendants Dr. Merle Haney, M.D., and Dr. Merle Haney, M.D., P.C. We affirm.

On August 9, 1979, at approximately 9:00 A.M., plaintiff went to Almont Community Hospital, owned and operated by defendant, seeking treatment for a severe stomach ache. Plaintiff had not experienced this type of pain or received any treatment for this problem prior to August 9, 1979. Plaintiff did not call his physician, codefendant Dr. Haney, before going to the hospital.

Upon arrival at the emergency room, plaintiff was examined by Dr. Vivas, the emergency room physician on duty, who diagnosed a possible urethral stone blocking the tube connecting the kidney to the bladder and gave plaintiff a pain medication. Following defendant's bylaws, Dr. Vivas requested consultation with an Almont staff physician. As an emergency room physician, Dr. Vivas did not have admitting privileges and therefore

___

* Circuit judge, sitting on the Court of Appeals by assignment.

consulted with Dr. Haney, who authorized plaintiff's admission to the hospital.

Following several diagnostic tests, Dr. Haney performed exploratory abdominal surgery on August 14, 1979. A tumor was found in plaintiff's right pelvis. Despite the desire of his assistant, Dr. Chalela, to conduct a biopsy of the tumor before its surgical removal, Dr. Haney chose to exercise the whole tumor without biopsy. Postoperatively, plaintiff complained of pain, numbness and tingling in his left leg. These symptoms persisted for the next three days during which time his leg became cooler and the pulse when felt from the leg became weaker.

On August 17, 1979, plaintiff was transferred to William Beaumont Hospital in Royal Oak for an urgent arteriogram. This study revealed that plaintiff's left external iliac artery (main artery from pelvis to left leg) was totally occluded. Because this artery is the major blood source for the leg, emergency surgery was performed to restore the leg's blood circulation. A ligature or suture tie was found on the external iliac artery, which had been allegedly severed by Dr. Haney, who made no attempt to reconnect the leg's blood supply.

At Beaumont Hospital, a physician placed a plastic arterial graft, restoring the circulation and saving plaintiff's left leg. However, because his leg was without adequate blood supply for approximately three days, plaintiff has suffered irreversible nerve damage, which he claims has caused his total disability. The tumor removed from plaintiff's pelvis proved to be a malignant seminoma, a metastasis from a testicular tumor. Plaintiff's expert, Dr. Robert Baker, claims that the recognized treatment for such a tumor is radiation, *not* surgery.

On May 20, 1981, plaintiff filed a complaint against defendant, codefendants Dr. Haney, M.D.,

Dr. Haney, M.D., P.C. and Dr. Chalela. Plaintiff alleged that all defendants committed acts of negligence. Dr. Chalela was voluntarily dismissed by plaintiff on April 7, 1983. On January 4, 1984, plaintiff was granted leave to amend his complaint naming plaintiff's wife, Cathleen, as a party and alleging that defendant, Community Hospital Foundation, was vicariously liable for the acts or omissions of its agent, Dr. Haney. Subsequently, Cathleen Sasseen's loss of consortium claim was dismissed because she was not married to plaintiff at the time of the alleged malpractice.

On February 1, 1985, defendant moved for summary judgment on the ground that there is no genuine issue of material fact regarding the independent contractor relationship between Dr. Haney and defendant and the preexisting physician-patient relationship between Dr. Haney and plaintiff. On March 18, 1985, the trial judge granted partial summary judgment in defendant's favor as to all of plaintiff's claims of vicarious liability. On May 8, 1985, the court entered final judgment following the parties' settlement and stipulation to the dismissal of plaintiff's remaining "direct liability" claims against defendant.

The parties' briefs raise a single issue on appeal, viz.: whether the trial court erroneously granted summary judgment, pursuant to GCR 1963, 117.2(3), in favor of defendant hospital on the issue of vicarious liability for the negligent actions of codefendant Dr. Haney. Plaintiff contends that at least some of the facts show that Dr. Haney was defendant hospital's employee or ostensible agent, and therefore the question of agency should go to the jury. Defendant hospital argues that, although Dr. Haney had not previously treated plaintiff for the same complaint, the prior long-established independent physician-patient relationship in itself

precludes any finding that Dr. Haney was an employee.

A motion for summary judgment based on the absence of any genuine issue of material fact tests whether there is factual support for the claim. *Feldman v Green,* 138 Mich App 360, 367; 360 NW2d 881 (1984), lv den 422 Mich 961 (1985); GCR 1963, 117.2(3), now MCR 2.116(C)(10). The court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence then available to it. *Rizzo v Kretschmer,* 389 Mich 363, 374; 207 NW2d 316 (1973); *Feldman, supra.*

Before granting summary judgment, the court must give the benefit of every doubt to the party opposing the motion and must be satisfied that it is impossible for the claim to be supported at trial because of some deficiency which cannot be overcome. *Jackson Dist Library v Jackson Co #1,* 146 Mich App 392, 400; 380 NW2d 112 (1985). Here, the trial court reviewed plaintiff's affidavit, plaintiff's deposition and the depositions of all defendants and experts.

The standard by which to determine whether a hospital is vicariously liable for the negligence of a physician who has staff privileges at the hospital but is not directly employed by the hospital is described at length in *Grewe v Mt Clemens General Hospital,* 404 Mich 240; 273 NW2d 429 (1978). There, as in the case before us, the hospital contended that the physician in question merely had staff privileges at the hospital, was not in the employ of the hospital, that the hospital exercised no control over the treatment given by the physician, and therefore no agency relationship could be found to exist. The Court said:

> Generally speaking, a hospital is not vicariously liable for the negligence of a physician who is an

independent contractor and merely uses the hospital's facilities to render treatment to his patients. See Anno: *Hospital-liability-neglect of doctor,* 69 ALR2d 305, 315-316. However, if the individual looked to the hospital to provide him with medical treatment and there has been a representation by the hospital that medical treatment would be afforded by physicians working therein, an agency by estoppel can be found. See *Howard v Park,* 37 Mich App 496; 195 NW2d 39 (1972), *lv den* 387 Mich 782 (1972). See also *Schagrin v Wilmington Medical Center, Inc,* 304 A2d 61 (Del Super Ct, 1973).

In our view, *the critical question is whether the plaintiff, at the time of his admission to the hospital, was looking to the hospital for treatment of his physical ailments or merely viewed the hospital as the situs where his physician would treat him for his problems. A relevant factor* in this determination *involves resolution of the question of whether the hospital provided the plaintiff with Dr. Katzowitz or whether the plaintiff and Dr. Katzowitz had a patient-physician relationship* independent of the hospital setting.

\* \* \*

The relationship between a given physician and a hospital may well be that of an independent contractor performing services for, but not subject to, the direct control of the hospital. However, that is not of critical importance to the patient who is the ultimate victim of that physician's malpractice. In *Howard v Park, supra,* the Court of Appeals quoted with approval from the opinion in *Stanhope v Los Angeles College of Chiropractic,* 54 Cal App 2d 141 [146]; 128 P2d 705 [708] (1942). We too find the California Court's analysis of this area enlightening:

"An agency is ostensible when the principal intentionally or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him.' § 2300, Civ Code. In this connection it is urged by appellant that 'before a recovery can be had against a princi-

pal for the alleged acts of an ostensible agent, three things must be proved, to wit' (quoting from *Hill v Citizens National Tr & Sav Bank,* 9 Cal 2d 172, 176; 69 P2d 853, 855 [1937]): "[First] The person dealing with the agent must do so with belief in the agent's authority and this belief must be a reasonable one; [second] such belief must be generated by some act or neglect of the principal sought to be charged; [third] and the third person relying on the agent's apparent authority must not be guilty of negligence. 1 Cal Jur 739; *Weintraub v Weingart,* 98 Cal App 690; 277 P 752 [1929]." [404 Mich 250-251, 252-253. Emphasis added.]

Similarly, in *Wilson v Stilwill,* 411 Mich 587, 609-610; 309 NW2d 898 (1981), the existence of an independent physician-patient relationship prior to the hospital's treatment for the same medical problem and the fact that the jury found no cause of action against the defendant physician required the Supreme Court to find that the hospital was not vicariously liable. In *Revitzer v Trenton Medical Center, Inc,* 118 Mich App 169, 174-175; 324 NW2d 561 (1982), lv den 417 Mich 995 (1983), the plaintiff sought to hold the lessor of defendant medical clinic liable for the malpractice of one of the leasing physicians. Plaintiff's theory was vicarious liability premised on a principal-agent relationship allegedly existing between the clinic and the offending physician. As in the instant case, the trial court granted summary judgment for defendant clinic under GCR 1963, 117.2(3).

On appeal our Court affirmed, noting, inter alia, that plaintiff had been receiving health care services from the alleged offending doctor for fifteen years prior to visiting him at defendant clinic. Annual Survey of Michigan Law, Business Associations, 30 Wayne L R 255 (1983), comments on the Court's opinion as follows:

As stated by the court, an ostensible agency arises when circumstances are such as to cause a third party to reasonably rely upon the existence of an agency relationship so as to estop the alleged principal or agent from denying the agency. The most important factor considered by the court in making this determination was whether the plaintiff viewed the medical center as providing her with treatment or whether the plaintiff viewed the medical center solely as the place where her own physician treated her. Other factors utilized by the court included (1) whether the plaintiff was referred to the physician by the lessor, (2) whether the plaintiff's entire treatment occurred at the lessor's clinic, (3) whether the physician represented himself as a clinic member, (4) whether the plaintiff had reason to believe that the physician was merely an independent contractor, and (5) whether the physician's bill was issued on the clinic's stationery.

Since the plaintiff had utilized the physician for almost fifteen years before being treated by him at the defendant's clinic and because the court had no evidence from which to conclude that the plaintiff had relied on any of the defendant's activities in continuing to visit the physician, the court found that the defendant's clinic was no more than the situs for treatment and had provided the plaintiff with no independent benefits.

Application of these principles of law to the affidavits and depositions in the case at hand disclose that the trial court did not err in granting summary judgment. While plaintiff's affidavit and deposition state that when he went to Almont Community Hospital he believed he would be treated and cared for by hospital personnel and did not look to Dr. Haney for care and treatment until after Dr. Haney had been assigned to take care of him, there is nothing which indicates that plaintiff honestly believed Dr. Haney was the hos-

pital's agent rather than his own longtime personal physician who had staff privileges at the hospital. When asked if he knew why Dr. Haney would be taking care of him, plaintiff responded, "He's my family doctor."

*Q.* Did you tell anyone that Dr. Haney was your doctor?

*A.* I don't know.

*Q.* Could you have told anyone that Dr. Haney was your personal doctor?

*A.* It's possible.

*Q.* You don't know of any other reason why Dr. Haney would appear to take care of you?

*A.* He's my family doctor.

As so clearly indicated by the foregoing cited authorities, agency does not arise merely because one goes to a hospital for medical care. There must be some action or representation by the principal (hospital) to lead the third person (plaintiff) to reasonably believe an agency in fact existed. *Howard v Park,* 37 Mich App 496, 499-500; 195 NW2d 39 (1972), lv den 387 Mich 782 (1972). In the instant case there is no showing of any act or statement by defendant hospital which would have led plaintiff to believe that Dr. Haney was anything other than an independent contractor performing services for, but not subject to the direct control of the hospital. Based on affidavits and depositions in the instant case, we find that defendant did not act in such a manner as to allow plaintiff to honestly rely on the fact that Dr. Haney was acting as the hospital's agent. Accordingly, the grant of summary judgment was proper.

Affirmed.