# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF KEITH WIEGAND, by MARY
WIEGAND, Personal Representative,

        Plaintiff-Appellee,

v

HIROSHI YAMASAKI, M.D., EASTSIDE
CARDIOVASCULAR MEDICINE, PC, KISHAN
K. JASTI, M.D., and OSAMA N. NUNU, M.D.,

        Defendants,

and

ST. JOHN HOSPITAL AND MEDICAL
CENTER,

        Defendant-Appellant.

UNPUBLISHED
December 19, 2017

No. 334598
Macomb Circuit Court
LC No. 2014-002700-NH

Before: TALBOT, C.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

In this medical malpractice action, defendant[1] appeals by leave granted[2] the trial court's order denying defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). We reverse and remand for entry of an order granting that motion.

## I. FACTS AND PROCEDURAL HISTORY

---

[1] We use "defendant" to refer only to St. John Hospital and Medical Center because all other defendants have been dismissed from this action without prejudice and are not involved in this appeal.

[2] *Estate of Wiegand v Yamasaki*, unpublished order of the Court of Appeals, entered October 31, 2016 (Docket No. 334598) (SAAD, J., would have peremptorily reversed in lieu of granting leave to appeal).

-1-

The decedent went to defendant hospital's emergency room complaining of shortness of breath. He was admitted and treated by three doctors who plaintiff alleges were negligent, and ultimately caused the decedent's death. The decedent's wife, on behalf of his estate, sued defendant hospital on a theory of vicarious liability arising out of the doctors' alleged negligence. Because the doctors were not employees or actual agents of defendant hospital, plaintiff argued ostensible agency as grounds for vicarious liability. Defendant moved the trial court for summary disposition pursuant to MCR 2.116(C)(10), arguing that plaintiff failed to provide any evidence of ostensible agency. The trial court denied that motion and this appeal followed.[3]

## II. OSTENSIBLE AGENCY

Defendant argues that the trial court improperly denied its motion for summary disposition as there was no genuine issue of material fact regarding the existence of an ostensible agency. We agree.

## A. STANDARD OF REVIEW AND APPLICABLE LAW

"This Court [] reviews de novo decisions on motions for summary disposition brought under MCR 2.116(C)(10)." *Pace v Edel-Harrelson*, 499 Mich 1, 5; 878 NW2d 784 (2016). A motion for summary disposition pursuant to MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Joseph v Auto Club Ins Assoc*, 491 Mich 200, 206; 815 NW2d 412 (2012). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition is proper where there is no "genuine issue regarding any material fact." *Id*. "A reviewing court may not employ a standard citing the mere possibility that the claim might be supported by evidence produced at trial. A mere promise is insufficient under our court rules." *Bennett v Detroit Police Chief*, 274 Mich App 307, 317; 732 NW2d 164 (2006).

In Michigan, liability will typically be imposed "upon a defendant only for his or her own acts of negligence, not the tortious conduct of others." *Laster v Henry Ford Health Sys*, 316 Mich App 726, 734; 892 NW2d 443 (2016). "However, an exception exists under the theory of respondeat superior, wherein an employer may be liable for the negligent acts of its employee if the employee was acting within the scope of his employment." *Id*. Consequently, "[g]enerally speaking, a hospital is not vicariously liable for the negligence of a physician who is an independent contractor and merely uses the hospital's facilities to render treatment to his patients." *Grewe v Mount Clemens Gen Hosp*, 404 Mich 240, 250; 273 NW2d 429 (1978). "However, if the patient looked to the hospital to provide medical treatment and the hospital made a representation that medical treatment would be afforded by physicians working at the hospital, an agency by estoppel may be found." *VanStelle v Macaskill*, 255 Mich App 1, 8; 662

---

[3] We previously granted defendant's motion to stay the trial court proceedings pending this appeal.

NW2d 41 (2003). "Agency by estoppel" is often referred to as "ostensible agency." *Chapa v St. Mary's Hosp of Saginaw*, 192 Mich App 29, 31; 480 NW2d 590 (1991).

In considering whether an ostensible agency exists, the Michigan Supreme Court has held that "the critical question is whether the plaintiff, at the time of his admission to the hospital, was looking to the hospital for treatment of his physical ailments or merely viewed the hospital as the situs where his physician would treat him for his problems." *Grewe*, 404 Mich at 251. While that is the critical question, this Court has clarified that it is not the *only* question. See *Chapa*, 192 Mich App at 32-33. Indeed, this Court has ruled that "[n]othing in *Grewe* indicates that a hospital is liable for the malpractice of independent contractors merely because the patient 'looked to' the hospital at the time of admission or even was treated briefly by an actual nonnegligent agent of the hospital." *Id*. at 33.

> Those principles have been distilled into the following three elements that are necessary to establish the creation of an ostensible agency: (1) the person dealing with the agent must do so with belief in the agent's authority and this belief must be a reasonable one, (2) the belief must be generated by some act or neglect on the part of the principal sought to be charged, and (3) the person relying on the agent's authority must not be guilty of negligence. [*Id*. at 33-34.]

"The reasonableness of the patient's belief in light of the representations and actions of the hospital is the 'key test' embodied in *Grewe*." *Id*. at 34. "Agency 'does not arise merely because one goes to a hospital for medical care. There must be some action or representation by the principal (hospital) to lead the third person (plaintiff) to reasonably believe an agency in fact existed.' " *VanStelle*, 255 Mich App at 11, quoting *Sasseen v Community Hosp Foundation*, 159 Mich App 231, 240; 406 NW2d 193 (1986). "Simply put, defendant, as putative principal, must have done something that would create in [the patient's] mind the reasonable belief that [the doctors] were acting on behalf of defendant." *Chapa*, 192 Mich App at 34. "[T]he fact that a doctor used a hospital's facilities to treat a patient is not sufficient to give the patient a reasonable belief that the doctor was an agent of the hospital." *VanStelle*, 255 Mich App at 11.

## B. ANALYSIS

Considering the evidence in the light most favorable to plaintiff, as we must, the record shows that the decedent sought emergency care from defendant and did not have an established doctor-patient relationship with any of the three allegedly negligent doctors. After complaining of shortness of breath in the emergency room, the decedent was admitted to defendant hospital and treated by the three doctors. There is nothing in the record to suggest that the decedent had some role in choosing his treating doctors. Before being treated, the decedent's wife signed a consent to treat agreement on the decedent's behalf, which contained a clause stating that some doctors at defendant hospital were independent contractors rather than employees.

Assuming without deciding that the decedent reasonably believed that the allegedly negligent doctors were agents or employees of defendant, summary disposition was required because plaintiff failed to provide any evidence that defendant made any action or was negligent in any manner that would have caused the decedent's belief. See *Chapa*, 192 Mich App at 34. In order to establish ostensible agency, plaintiff is required to present evidence that defendant did

"something that would create in [the decedent's] mind the reasonable belief that [the doctors] were acting on behalf of defendant." *Id*. Evidence that the decedent looked to defendant for treatment of his maladies, did not have a previous relationship with the doctors, and was treated at defendant hospital was not enough to satisfy the requirements for ostensible agency announced in *Grewe*, 404 Mich at 250-251, and clarified in *Chapa*, 192 Mich App at 33-34. Instead, plaintiff was required to provide evidence of "some action or representation by [defendant] to lead [the decedent] to reasonably believe an agency in fact existed." *VanStelle*, 255 Mich App at 11 (internal quotation marks omitted). Considering that the record lacks any such evidence here, the trial court erred when it denied defendant's motion for summary disposition. See *id*.[4]

### III. CONCLUSION

Regardless of whether the decedent reasonably believed that the doctors were agents or employees of defendant, summary disposition was required because plaintiff failed to provide evidence of "some action or representation by [defendant] to lead [the decedent] to reasonably believe an agency in fact existed." *Id*. (internal quotation marks omitted). See also *Chapa*, 192 Mich App at 33-34.

Reversed and remanded for entry of an order granting defendant's motion for summary disposition. We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ Stephen L. Borrello
/s/ Michael J. Riordan

---

[4] A discharge summary report issued by defendant to the decedent in 2009, which indicated that the decedent should call Dr. Hiroshi Yamasaki for a follow-up, is not, in any way, sufficient to create a reasonable belief by the decedent that Dr. Yamaski's treatment of the decedent more than three years later in 2012 was performed as an agent or employee of defendant.

-4-