*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

DARLENE WEBB and JOHN WEBB,

        Plaintiffs-Appellants,

v

HILLSDALE HOSPITAL, also known as
HILLSDALE COMMUNITY HEALTH CENTER,

        Defendant-Appellee,

and

HILLSDALE OBSTETRICS & GYNECOLOGY,
PC and ALFRED K. BEDIAKO, M.D.,

        Defendants.

UNPUBLISHED
November 19, 2024
3:08 PM

No.  364728
Hillsdale Circuit Court
LC No.  2021-000287-NI

Before:  RIORDAN, P.J., and YOUNG and WALLACE, JJ.

RIORDAN, P.J. (*dissenting*).

        I respectfully dissent.

        The issue in this case is whether the trial court erred by granting summary disposition in favor of Hillsdale Hospital on the basis that Dr. Bediako was not an ostensible agent of the hospital. "An agency is ostensible when the principal intentionally or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him." *Grewe v Mt Clemens Gen Hosp*, 404 Mich 240, 252; 273 NW2d 429 (1978) (quotation marks and citations omitted).  To establish ostensible agency, the plaintiff must show, in relevant part, that "[t]he

person dealing with the agent [did] so with belief in the agent's authority and this belief must be a reasonable one." *Id*. at 253 (quotation marks and citations omitted).[1]

"A patient who has clear notice of a treating physician's employment status or who has a preexisting relationship with a physician outside of the hospital setting cannot reasonably assume that the same physician is an employee of the hospital merely because treatment is provided within a hospital." *Markel v William Beaumont Hosp*, 510 Mich 1071, 1071 (2022). Thus, this Court has held, albeit in unpublished opinions, that when a patient signs a consent form explaining that the physician is not an employee of the hospital, that consent form defeats a conclusion that the patient had a "reasonable" belief in the physician's authority. See, e.g., *Wendt v Bowerman*, unpublished per curiam opinion of the Court of Appeals, issued June 11, 2019 (Docket No. 343612), p 7 ("Even had plaintiff held such a belief [that Dr. Bowerman was acting as a hospital employee], it would not have been reasonable because she signed a consent form that placed her on notice that some of the physicians in the medical center were independent contractors[.]"). Other state courts are in accord. See, e.g., *Brookins v Mote*, 367 Mont 193, 205; 292 P3d 347 (2012) ("[T]wo weeks prior to her child's delivery, Ann signed a Hospital consent form acknowledging that she understood Dr. Mote was an 'independent contractor' and not an employee or agent of the Hospital. . . . Given this record, the Hospital's provision of 'space, equipment, and personnel' for the onetime event of Allen's delivery is insufficient to give rise to an ostensible agency.").

Similarly, in this case, plaintiff Darlene Webb signed a consent form stating in the first paragraph that "[y]our doctors are not employees or agents of the hospital. They are independent practitioners." This contractual statement alone entitles Hillsdale Hospital to summary disposition because a party who signs a contract, even without reading it beforehand, "is nevertheless charged with knowledge of the terms." *Casey v Auto-Owners Ins Co*, 273 Mich App 388, 395; 729 NW2d 277 (2006). While the majority observes that the fifth paragraph of the consent form refers to provision of hospital services and the consent form is titled "Hillsdale Community Health Center," these facts do not defeat the disclaimer in the first paragraph because the purpose of the consent form is not merely to inform the patient that physicians are independent contractors. Rather, its clear purpose is for the hospital to explain certain details of the medical procedure to the patient

---

[1] The plaintiff also must show that "such belief [was] generated by some act or neglect of the principal sought to be charged," and "the third person relying on the agent's apparent authority [was] not . . . guilty of negligence." *Grewe*, 404 Mich at 253 (quotation marks and citations omitted).

for informed consent, one of which is the disclaimer that the physicians are independent contractors.[2] Nothing in the consent form is inconsistent with that disclaimer.[3]

The trial court's grant of summary disposition is supported for the additional reason that plaintiff and Dr. Bediako had a preexisting relationship, which itself is sufficient to defeat a claim for ostensible agency. See *Markel*, 510 Mich at 1071. The majority concludes otherwise, using a divide-and-conquer approach to reject both the preexisting relationship and the consent form as grounds for summary disposition. However, even disregarding the consent form, there is nothing in *Markel* to suggest that ostensible agency can be established despite the existence of a preexisting relationship. To the contrary, *Markel* repeatedly suggests otherwise. See *id*. at 1072 ("We agree with the panel majority that agency cannot arise merely because one goes to a hospital for medical care. But that broad statement conceals the most important distinction between [*Sasseen v Community Hosp Foundation*, 159 Mich App 231, 240; 406 NW2d 193 (1986)] and cases like it and this one: a preexisting relationship between doctor and patient.") (quotation marks and citation omitted); *id*. at 1071 ("The rule from *Grewe* is that when a patient presents for treatment at a hospital emergency room and is treated during their hospital stay by a doctor *with whom they have no prior relationship*, a belief that the doctor is the hospital's agent is reasonable unless the hospital does something to dispel that belief.") (emphasis added.)

---

[2] The majority reasons that "the consent forms said two things: Dr. Bediako was an independent contractor *and* that Hillsdale Hospital was the service provider. Looking at the facts taken together . . . leads us to the conclusion that a genuine issue of material fact exists as to whether Dr. Bediako was an ostensible agent of Hillsdale Hospital." Following the majority's logic, a service-provider hospital can never inform a patient in writing that medical procedures take place at its facilities, or use any similar descriptive term, if the physician utilizing those facilities is an independent contractor. In a nutshell, following the majority's reasoning, the mere fact that a hospital informs a patient of its business, negates any information about an independent contractor. This logic defies reason.

In any event, the fifth paragraph of the consent form states, "I herby [sic] authorize Hillsdale Community Health Center to provide its appropriate hospital services and care necessary in conjunction with the procedure(s) above described." The word "conjunction" indicates that the hospital may provide other services separate and distinct from the services provided by Dr. Bediako to the patient. Thus, the fifth paragraph is not, in any respect, inconsistent with the disclaimer that physicians are independent contractors.

[3] As this case illustrates, written forms that should, under ordinary legal principles, have legal effect may easily be disregarded in the hospital context under the reasoning of *Markel*. See *Markel*, 510 Mich at 1082 (VIVIANO, J., *dissenting*), quoting *Hospital Liability for the Right Reasons*, 42 Seton Hall L Rev 1337, 1356-1357 (2012) ("[O]ther states with similar rules 'have continually disregarded hospitals' attempts to educate patients through the use of admission forms that indicate that treating physicians are not employees of the institution.' ").

Accordingly, because plaintiff signed a consent form clearly stating that Dr. Bediako was not an employee or agent of the hospital, and because plaintiff and Dr. Bediako had a preexisting relationship, I would affirm the trial court's grant of summary disposition in favor of the hospital.[4]

/s/ Michael J. Riordan

---

[4] Although my dissent is premised upon the first *Grewe* factor, I briefly note disagreement with the majority's analysis of the second *Grewe* factor, which provides that belief in the agent's authority "must be generated by some act or neglect of the principal sought to be charged." *Grewe*, 404 Mich at 253 (quotation marks and citations omitted). The majority reasons that plaintiff satisfied the second *Grewe* factor because the hospital allowed Dr. Bediako "to wear scrubs that said Dr. Bediako OB Department" and "issued him a badge to wear that said the hospital's name." However, I find it difficult to conceive of any functioning hospital in which the individuals formally affiliated with the hospital—doctors, nurses, janitors, and so forth—would not display that affiliation by clothing or badge, or both. For example, the fact that a doctor has a badge visibly identifying him or her as affiliated with a particular hospital might allow a security guard to give the doctor access to hospital parking or restricted areas of the hospital, neither of which would be permitted for a doctor, or any other person, not affiliated with the hospital. Thus, while the majority nominally recognizes that the second *Grewe* factor may not be satisfied in certain cases, this only occurs in fanciful scenarios where hospital doctors regularly provide treatment and engage with the public without any visual cues whatsoever that they are affiliated with the hospital or displaying anything signifying that they are allowed to be on hospital premises.